390 So.2d 383 (1980)
Evelyn AMAZON, Individually and As Trustee and Surviving Director of Aqua Mundo Unit One, Inc., a Dissolved Florida Corporation, Appellant,
v.
Jordan DAVIDSON, Trustee and Individually, a Single Man, Appellee.
No. 78-1341/T4-139.
District Court of Appeal of Florida, Fifth District.
October 22, 1980.
Rehearing Denied November 25, 1980.
*384 John M. Starling, Titusville, for appellant.
Dale A. Dettmer, Melbourne, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Evelyn Amazon appeals from a summary final judgment of foreclosure which denied her fraud defenses and refused her application to release part of the lands pursuant to a mortgage release clause. We reverse.
The record established the following: Evelyn Amazon was a wealthy widow with little business experience. She knew Jordan Davidson, appellee, who lived in the same condominium building. She understood that he was a successful real estate investor. Appellee owned approximately 800 acres near Melbourne, Florida of which he contracted to sell Bernard Buoncervello 187 acres and granted a series of options to enable Buoncervello to acquire the balance. The price for the 187 acres was $467,025.00, payable $50,000.00 down and the balance to be secured by a mortgage. Appellee was aware that Buoncervello had no assets and that his ability to meet the mortgage payments was dependent upon his sale of the property.
When the contract was signed, appellee asked appellant to witness the contract. He introduced her to Buoncervello describing him as a nice Italian boy who came from wealth and intended to buy Jordan's property.
They discussed the agreement and appellee pointed out how successful he had been. He stated that real estate was an excellent *385 investment, and that the only time there had been trouble with one of his deals, he settled with the woman involved so that she suffered no loss. He also represented that he had never foreclosed on a woman.
This meeting resulted in appellant and Buoncervello contracting to place the land in a corporation, Aqua Mundo Unit One, Inc. Appellant would contribute $94,000.00; $50,000.00 to be used as the down payment required on the purchase contract with appellee, $25,000.00 in working capital, and $19,000.00 for pre-development expenses. Buoncervello's contribution was limited to his experience and assignment of the contract to the corporation, but no money.
In July of 1974, when the mortgage payments became due, Buoncervello gave his fifty percent interest in the stock of the corporation to appellee as security for two notes. Later, appellee assumed ownership of the stock. The payment due January 1975 and all subsequent payments were not made. At that time, appellant's contributions were $125,700.00.
Appellee brought suit for foreclosure. Appellant defended alleging fraud and asserted two counterclaims and a cross claim. The trial court entered a summary final judgment of foreclosure. At that time of the judgment, appellant had paid $41,703.00 on the mortgage. Although the mortgage contained a release clause providing that one acre would be released for each $3,300.00 paid, the court did not require the equivalent release because appellant did not file a motion for release until after the judgment but before the foreclosure sale.
The trial court found that the statements made by appellee which appellant contends were fraud were matters of opinion and not of material fact and could not, as a matter of law, constitute a past or existing material fact on which fraud could be claimed.
Generally, the issue of fraud is not a proper subject of a summary judgment since it is a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud. Automobile Sales, Inc. v. Federated Mutual Implement & Hardward Ins. Co., 256 So.2d 386 (Fla. 3d DCA 1972).[1]
The essential elements of a fraudulent representation for which relief can be had are: (1) a false statement concerning a specific material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the other party acting in reliance on the representation. 14 Fla.Jur. Fraud & Deceit § 9 (1957). A misrepresentation to be actionable must be one of fact rather than opinion but this rule has been recognized as having significant qualifications. Vokes v. Arthur Murray, Inc., 212 So.2d 906 (Fla. 2d DCA 1968). In Vokes, the court stated that the rule does not apply when there is a fiduciary relationship between the parties, when there has been some artifice or trick employed by the representor, when the parties do not in general deal at "arms length", or when the representee does not have an equal opportunity to determine the truth or falsity of the fact represented. Id. at 908-909.
Appellant specifically alleged the following misrepresentations:
(1) [T]hat Sonny came from Italian royalty and was extremely reliable and knowledgeable in the marketing of real estate ventures;
(2) [T]hat Sonny was a man of great wealth and came from a family of great wealth; and
(3) [T]hat Evelyn would make a substantial amount of money on the real estate venture.
As to the first allegation, we would question whether Buoncervello's royal blood would be significant; however, the representation that he was extremely reliable and knowledgeable in the marketing of real estate ventures would be of primary consideration to an investor who did not possess *386 those skills herself. As to the second allegation, the representation that Buoncervello was wealthy would also have great significance to a co-investor as would a representation that appellant would make a substantial profit on the venture. We note that the court found the statement that Buoncervello was knowledgeable in real estate marketing to be true. The other two allegations, however, are significant under Vokes because they could be viewed as coming from a party having superior knowledge and hence may constitute statements of fact as opposed to opinion had the parties been dealing on equal terms.
It is clear that the trial court under Vokes applied the wrong rule in respect to the issue of fraud because the appellant had alleged:
[T]he misrepresentations, deceitful and fraudulent conduct ... constitute a scheme, device, trick and plan whereby [appellee] in concert with [Buoncervello] wrongfully and willfully extracted money from [appellant].
It cannot be said, as a matter of law, that appellant cannot recover since Vokes permits statements of opinion to form the basis for an action in fraud in certain situations, such as when there has been some artifice or trick employed. Appellant has asserted the existence of such a situation here.
The second question is whether the court erred in refusing to release lands from the mortgage where the instrument provided for such release.
No request was made of the trial to release the lands until a petition for rehearing was filed after the judgment of foreclosure, but before the sale. The trial court denied the release, holding that appellant could not raise the question for the first time on rehearing. However, in Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175 (1943), such a contention was rejected. Hollywood involved a suit to quiet title wherein plaintiffs sought to invalidate a deed which was recorded by defendants. The court entered judgment for plaintiffs. Defendants petitioned for rehearing contending for the first time in the motion that plaintiffs should be required to reimburse defendants for the taxes they had paid in previous years on the property. In essence, the court held that when sufficient evidence exists before the court so that only a question of applying the law exists and the other party is not taken by surprise, the trial judge has broad discretion to act on such matters without the need for new and amended pleadings. Id. at 185.[2]
In the case before us, the mortgage was introduced and evidence relevant to the partial release was in the record. The court below was acting on the incorrect premise that consideration of the partial release was precluded. Since the case will be remanded for trial on the fraud issue, this point will vanish should the court require appellant to amend to ask for the release.
REVERSED and REMANDED for trial.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] "Since the whole context is necessary for the determination, it is seldom that one can determine the presence or absence of fraud without trial." Alepgo Corporation v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959).
[2] As a general rule, before a trial judge will be held in error, he must be presented with an opportunity to rule on the matter before him. Margolis v. Klein, 184 So.2d 205 (Fla. 3d DCA 1966). An amendment to the pleadings is therefore usually necessary where issues are sought to be litigated which are not raised by the pleadings. See Fla.R.Civ.P. 1.190.