LETTS, Chief Judge.
An Insurance Company here appeals from an adverse final judgment, emanating from a non-jury trial. The trial court’s ruling was predicated upon proof, by the greater weight of the evidence, of fraudulent misrepresentations by the Insurance Company. These misrepresentations allegedly induced the insured to purchase one million dollars worth of life insurance. We disagree with the lower court and reverse.
A recitation of all the facts and circumstances of this matter would contribute nothing to the body of the law. Thus, we will not attempt to condense over 22 pages of facts contained in the various briefs and will report only those excerpts of the record which require reversal based on an inevitable conclusion of law.
The gravamen of the complaint was that the Insurance Company “breached [its] oral contract ... by misrepresenting ... facts . .. and/or by failing to comply with those representations.” A litany of those oral misrepresentations, all made by the Insurance Company’s agent, is thereafter set forth in the same pleading, including failure to advise the insured about (a) the true borrowing power of the policies, (b) the true annual cost of the premiums, (c) the fact that the death benefits would gradually decrease, and (d) the fact that the premiums could not be satisfied out of the cash surrender value.
As we search the record and the testimony of the only two witnesses — the insured and the insurer’s agent — we can find no allegata or probata other than reported in the preceding paragraph. Thus, there are *863 no allegations, never mind proof, that the Insurance Company had knowledge of any fraudulent misrepresentations by the only one of its agents who conducted all the oral negotiations with the insured. Indeed, there are no allegations that the agent himself fraudulently misrepresented the policies and no words imputing fraud appear in the complaint. On the contrary, at the opening of the trial, the insured’s counsel made the following concession:
At this point in the proceedings, your Honor, after discovery, we are of the opinion that the agent has not done anything fraudulent, has not made any misrepresentations in this case, that all he did was tell the Plaintiffs about a program that was put into effect by Sun Life. That any misrepresentations in the case were done by Sun Life and not by [the agent] and accordingly, pursuant to Rule 1.250, we would drop [the agent] as a party at this time.
There are four traditional elements necessary to sustain a finding of fraudulent misrepresentations. See Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980). One of these is knowledge that the representations were false. This particular element, scienter, can be established by showing (1) actual knowledge of falsity; or (2) lack of knowledge of either truth or falsity; or (3) circumstances under which the rep-resentor ought to have known, if he did not actually know, of falsity. Kutner v. Kalish, 173 So.2d 763 (Fla. 3d DCA 1965).
We have little doubt that the insured will complain on rehearing that we have committed the ultimate appellate error of substituting our judgment for that of the trial court. Sensitive to this possibility, we have repeatedly scoured the pleadings and the record. Yet from our study we can find no evidence, or even any allegations, of scienter on the part of the Insurance Company at the time the representations were made. The insured’s best shot is that the agent himself believed the misrepresentations and merely relayed them as the Company’s. Maybe so, but conceding this to be true, there is still no allegation of fraud or proof of scienter on the part of the Insurance Company. There being none, we must reverse the final judgment and order the trial court to enter a new one in conformity with this opinion.
In view of this result, there is no need to address the remaining points on appeal.
REVERSED AND REMANDED.
DELL, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.