578 So.2d 320 (1991)
CHINO ELECTRIC, INC., Appellant,
v.
UNITED STATES FIDELITY & GUARANTY CO., and Danny Williams, Appellees.
No. 90-1480.
District Court of Appeal of Florida, Third District.
March 26, 1991.
*321 Paul Morris, Coral Gables, for appellant.
Judith Kazer Lamet and David L. Swimmer, Miami, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
HUBBART, Judge.
This is an appeal by the plaintiff Chino Electric, Inc. from a final order dismissing with prejudice its complaint for fraudulent misrepresentation. The central issue presented for review is whether a false statement, made by the agent of a surety company to a potential claimant, that the time for filing a claim against the bond had expired under the terms of said bond  constitutes a misrepresentation of fact or a misrepresentation of legal opinion. Based on the circumstances of this case, we conclude that such a statement constitutes a misrepresentation of fact. We accordingly reverse.

I
The facts of this case are entirely undisputed for purposes of this appeal.[1] The owner of property in Dade County and a general contractor entered into a construction contract to erect an office building on the owner's property. The owner required the general contractor to obtain a labor and material payment bond to ensure that all subcontractors were paid in full by the general contractor for work performed on the subject project; such a bond was obtained from the defendant United States Fidelity & Guaranty Company [USF & G]. Under the terms of this bond, a subcontractor's claim against the bond was barred if suit was filed more than one year after the general contractor completed his job.[2] This bond was not recorded in the public records of Dade County.
*322 The general contractor subcontracted the electrical portion of the work on the subject office building to the plaintiff Chino Electric, Inc. which, in turn, fully performed under the subcontract. The general contractor accepted the plaintiff's work, but was financially unable to pay the plaintiff $8,445.00 which was due and owing under the subcontract. The general contractor completed the entire job on June 7, 1988  which meant that all unpaid subcontractors had until June 7, 1989, to file suit against the defendant USF & G's surety bond for any sums due and owing under the appropriate subcontract.
On March 27, 1989, the plaintiff wrote to USF & G and gave notice of its $8,445.00 claim. In response, on April 28, 1989, the defendant Danny Williams, a claims agent for USF & G, informed the plaintiff that the time had expired to file a claim under the terms of the bond  although Mr. Williams well knew that the plaintiff had until June 7, 1989, to file its claim under the bond, and therefore fraudulently misrepresented the terms of the bond; only the defendants had a copy of the bond at the time this misrepresentation was made. The plaintiff relied to its detriment on this misrepresentation and did not file suit against USF & G within the one-year period required by the bond.[3]
Thereafter, the plaintiff sued the defendants in the circuit court below for fraudulent misrepresentation, seeking as damages the full amount of the unpaid electrical work ($8,445.00) plus interest, costs, attorney's fees, and punitive damages. The defendants moved to dismiss this suit for failure to state a cause of action, contending that the amended complaint alleged a non-actionable misrepresentation of legal opinion. The trial court agreed and dismissed the amended complaint with prejudice. This appeal follows.

II
The defendants concede, in effect, that all the elements of fraudulent misrepresentation are alleged in the amended complaint below save one, namely, a misrepresentation of a material fact by the defendants.[4] *323 It is urged that the false statement allegedly made in this case was a misrepresentation of law, rather than fact. We disagree.
It is, of course, well settled in Florida that in order to be actionable a fraudulent misrepresentation must be of a material fact, rather than a mere opinion or a misrepresentation of law.[5] The underlying rationale for this rule is that in a commercial society such as ours, people, with some exceptions, are generally expected to deal at arms' length with one another  which means that in the normal business transaction a person should not rely on such ephemeral matters as an opposing party's opinions, judgments, or legal views, but instead should rely on more substantial matters, namely, the opposing party's representations of fact which are material to the transaction. Prosser and Keeton on The Law of Torts § 109, at 755, 759 (5th ed. 1984). It should be noted, however, that the modern trend of cases is to find statements of fact implied in otherwise material misrepresentations which have some legal character. Id. at 759. For example, a misrepresentation by the seller of a triplex residential building that the building complied with applicable zoning laws  when, in fact, the subject building was zoned for a duplex, but not a triplex  has been held to be primarily a misrepresentation of fact and thus actionable. Nagashima v. Busck, 541 So.2d 783 (Fla. 4th DCA 1989). Implied in such a misrepresentation is that the property was zoned for a triplex when, in fact, it was not. Indeed, misrepresentations by the seller as to the zoning of property sought to be sold have long been considered actionable. Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978). We reject the cases relied on by the defendants which take a contrary and more formalistic view of this issue. See, e.g., Prest v. Adams, 142 Wash. 111, 252 P. 686 (1927).
Similarly, in the instant case the claims agent of the defendant USF & G allegedly represented to the plaintiff that the time had expired to file a claim under the terms of USF & G's bond  when, in fact, the agent well knew that such time had not expired. Because only the agent had a copy of the bond and presumably was the alleged expert as to the contents of the bond which his company wrote, this misrepresentation takes on the primary character of a statement of fact which a reasonable person like the plaintiff had every reason to accept as true. It was, in effect, a factual assertion, not a debatable legal opinion on a complex legal matter, that the bond, which was only one page long, contained a simple term which time-barred the plaintiff's claim when, in fact, the bond contained no such term.
For the above-stated reasons, the final order of dismissal under review is reversed and the cause is remanded to the trial court with directions to reinstate the plaintiff's amended complaint.
Reversed and remanded.
NOTES
[1] Because the trial court dismissed the amended complaint below for failure to state a cause of action, it must be assumed that the factual allegations of the complaint below and all reasonable inferences therefrom are true. Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 883 (Fla. 1972); Green v. Harry Savin, P.A., 455 So.2d 494, 495 (Fla. 3d DCA 1984).
[2] The bond is one page in length and unambigously provides in pertinent part:

"(3) No suit or action shall be commenced hereunder by any claimant,
.....
(b) After the expiration of one (1) year following the date on which the Principal ceased work on said Contract... ."
(R. 27).
[3] The relevant allegations of the plaintiff's amended complaint are:

"18. USF & G knew that the bond it had issued gave PLAINTIFF/SUBCONTRACTOR until June 7, 1989 [one (1) year from the completion of the job by GENERAL CONTRACTOR] to file its claim.
19. Notwithstanding this knowledge of the contents of the bond, on April 28, 1989, USF & G, by and through its agents, servants and/or employee, DANNY WILLIAMS, intentionally and maliciously and with intent to defraud the Plaintiff, informed the Plaintiff that its time had expired to file its claim in accordance with the terms of the bond, when in fact the time had not expired. The PLAINTIFF/SUBCONTRACTOR did not have a copy of the bond and relied on DANNY WILLIAMS [sic] representations as to the requirements of the bond.
20. The Defendant falsely and fraudulently misrepresented to the PLAINTIFF/SUBCONTRACTOR the terms of the bond.
21. This [sic] representations to the Plaintiff by the Defendant's agents, servants and/or employee, DANNY WILLIAMS, was a material misrepresentation of a past or present fact of [sic] which the Defendant/Bonding Company and its agents, servants and/or employee, DANNY WILLIAMS, knew to be false at the time the statement was made.
22. The material misrepresentation set forth hereinabove was intended to be relied on by the PLAINTIFF/SUBCONTRACTOR and was justifiably relied upon by the PLAINTIFF/SUBCONTRACTOR. The PLAINTIFF/SUBCONTRACTOR'S reliance caused them to fail to file suit within one (1) year from the date that the GENERAL CONTRACTOR completed the project.
23. Moreover, all said acts by the Defendant's agents, servants and/or employee, DANNY WILLIAMS, was [sic] done with the intent to mislead and defraud the Plaintiff into thinking that its time had expired to file its claim, to cause the PLAINTIFF/SUBCONTRACTOR to rely on these misrepresentations and to cause them to forfeit their rights under the terms of the bond."
R. 22-23.
[4] The law in Florida is well settled that in order to state a cause of action for fraudulent misrepresentation the following elements must be alleged in the complaint: (1) a misrepresentation of a material fact by the defendant, (2) the defendant knew of the falsity of the misrepresentation, (3) the defendant made the representation intending that the plaintiff would rely on it, (4) the plaintiff did rely on the misrepresentation to his detriment, and (5) this reliance caused damages to the plaintiff. Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985); Saunders Leasing Sys., Inc. v. Gulf Central Distrib. Center, Inc., 513 So.2d 1303, 1306 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988); Assad v. Mendell, 511 So.2d 682, 683 (Fla. 3d DCA 1987); 2 F. Harper, F. James & O. Gray, The Law of Torts § 7.1 (2d ed. 1986); Restatement (Second) of Torts § 525 (1977).
[5] Marks v. Fields, 160 Fla. 789, 793, 36 So.2d 612, 614 (1948); A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348, 350 (Fla. 4th DCA 1984); Travelodge Int'l, Inc. v. Eastern Inns, Inc., 382 So.2d 789, 791 (Fla. 1st DCA 1980); 2 F. Harper, F. James & O. Gray, The Law of Torts § 7.8 (2d ed. 1986); Restatement (Second) of Torts § 542 (1977).