661 So.2d 128 (1995)
Robert A. BAKER, M.D., Appellant,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Adam D. Cruz, and Joanne Cruz, Appellees.
No. 94-3983.
District Court of Appeal of Florida, First District.
October 10, 1995.
*129 James C. Cumbie, Jacksonville, for Appellant.
Kristen M. Van Der Linde and Noah H. Jenerette, Jr. of Boyd & Jenerette, P.A., Jacksonville, for Appellees.
MICKLE, Judge.
Robert A. Baker, M.D., (Baker), appeals an order granting partial summary judgment in favor of United Services Automobile Association (USAA) on his claim of fraudulent misrepresentation. Finding that genuine issues of material fact exist, we reverse and remand for further proceedings.
Baker sustained injuries while riding as a passenger in an automobile owned by his mother which was struck by an automobile operated by Adam Cruz and owned by Joanne Cruz. Neither Joanne Cruz nor Adam Cruz carried automobile liability coverage. Baker carried uninsured motorist coverage in the amount of $1,000,000 through USAA, and Baker's mother carried uninsured motorist coverage of $1,000,000 through State Farm Insurance Company (State Farm).
*130 Baker filed a two-count complaint alleging negligence on the part of the operators and owners of both automobiles, and breach of contract on the part of USAA and State Farm for failure to pay uninsured motorist benefits. Shortly after filing the complaint, Baker settled with State Farm, his mother's insurer, in the amount of $300,000, and State Farm was dismissed as a party defendant.
Baker then filed an amended complaint alleging negligence on the part of Joanne and Adam Cruz and breach of contract against USAA for failure to pay uninsured motorist benefits. In due course, USAA moved for summary judgment on the basis that, since its coverage was excess over that of State Farm's primary coverage, it was entitled to a $1,000,000 set-off attributable to any damages found to be owing Baker to which uninsured motorist coverage would be applicable. Following a hearing, the trial court entered an order granting USAA's motion for partial summary judgment, finding in pertinent part:
... USAA and Baker entered into a written insurance contract wherein USAA and Baker agreed that if Baker was occupying an automobile which he did not own, but which automobile had insurance coverage providing him UM/UIM coverage, that coverage would constitute primary coverage while USAA's insurance coverage would constitute excess coverage. Baker was occupying an automobile insured by a company other than USAA at the time of the automobile collision. Since Baker has not exhausted the limits of State Farm's UM/UIM coverage, USAA is entitled to a $1,000,000.00 set-off attributable to any damages found to be owing to Baker to which uninsured motorist coverage would be applicable.
No appeal has been taken from this partial summary judgment.
Thereafter, Baker amended his complaint by adding as an additional count a claim of misrepresentation against USAA alleging in essence that USAA, by and through its agent Ben Poe, had misrepresented the extent of its uninsured motorist coverage. This new claim arises from a letter written by Baker's USAA agent, Ben Poe, to Baker's attorney while the settlement negotiations with State Farm were ongoing. In this letter, Poe wrote:
I agree that the Uninsured Motorist Coverage that is available appears to be subject to each company's pro-rata share. I also have indications that there was negligence on the part of the driver of the vehicle that Dr. Baker was occupying. With this in mind, you may need to pursue the Bodily Injury Liability Coverage with State Farm.
The misrepresentation count alleges:
(1) that Ben Poe, acting within the course and scope of his employment with USAA, misrepresented the material fact of pro-rata uninsured motorist coverage;
(2) that Poe either knew that the uninsured motorist coverage was not pro-rata, or made representations that the uninsured motorist coverage was pro-rata without knowledge of the truth or falsity of those representations, or made this representation regarding pro-rata coverage under circumstance where he knew or should have known of the falsity thereof;
(2) that Poe intended that Baker would rely on these statements in settling his claim against State Farm;
(3) that Baker acted in justifiable reliance upon the representation and settled with State Farm for $300,000.00;
(4) that Baker would not have settled with State Farm except for Poe's written acknowledgment of pro-rata coverage;
(5) that Baker settled his claim for less than its full value against State Farm and for less than State Farm's policy limits based upon Poe's misrepresentation and acknowledgment of coverage; and
(6) that Baker has been damaged by Poe's misrepresentation in that now, instead of receiving pro-rata coverage, he will only receive excess coverage under the current summary judgment ruling.
Following the trial court's denial of USAA's motion to dismiss this new claim, USAA moved for summary judgment on the basis that Poe's letter constituted nothing more than an expression of opinion and could in no way be deemed a fraudulent statement *131 of fact rendered to induce Baker to settle his claim with State Farm. In opposition to the motion for summary judgment, Baker submitted the affidavit of one William Jones, Jr., whose resume reflects M.A. and L.L.B. degrees and an extensive employment history in the insurance industry. Jones opined that the USAA policy is ambiguous as to whether the uninsured coverage is pro-rata or excess and that there exists an issue of material fact as to whether or not USAA waived or is estopped from asserting excess coverage in view of the statements made by Poe.
Following a hearing, the trial court entered an order granting the motion for summary judgment in favor of USAA as to the claim of misrepresentation. As grounds, the court concluded that Poe's statement amounted to a mere opinion as to the extent of coverage available to Baker and thus was not actionable, that Baker was represented by an attorney who must be deemed to possess knowledge as to insurance coverage at least equal to Poe's knowledge, that the parties were dealing on equal terms during their discussions regarding the extent of coverage, and that USAA did not prevent Baker or his attorney from conducting an independent investigation regarding the extent of available coverage.
Baker contends on appeal that the trial court, in summarily barring his claim for misrepresentation, invaded the province of the jury in resolving factual issues to reach the ultimate conclusion that no genuine issues of material fact exist and that the record demonstrates no basis for a misrepresentation action. We agree.
The essential elements of a fraudulent representation for which relief can be had are: (1) a false statement concerning a specific material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. Lance v. Wade, 457 So.2d 1008 (Fla. 1984); Johnson v. Davis, 480 So.2d 625 (Fla. 1985); Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980).
A misrepresentation, to be actionable, must be one of fact rather than opinion. Amazon; Thor Bear, Inc. v. Crocker Mizner Park Inc., 648 So.2d 168 (Fla. 4th DCA 1994) (claim of fraudulent misrepresentation is not actionable if premised on a mere opinion rather than a material fact); Chino Elec., Inc. v. U.S. Fidelity & Guar. Co., 578 So.2d 320 (Fla. 3d DCA 1991). Participants in a normal business transaction are not entitled to rely upon such "ephemeral matters" as opinions, judgments or legal views expressed by an opposing party. Chino at 323. See also Nagashima v. Busck, 541 So.2d 783 (Fla. 4th DCA 1989). However, where a statement can be viewed as coming from one with superior knowledge of the subject of the statement, such statement may constitute a statement of fact rather than opinion. Thor Bear; A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984); Amazon. Statements of opinion are not actionable unless the party making the representation does so with an intent to prevent the party relying thereon from making an independent investigation of the facts. Travelodge Intern., Inc. v. Eastern Inns, Inc., 382 So.2d 789 (Fla. 1st DCA 1980).
In the instant case, the record reflects there was some dispute between the parties with regard to the applicability of the uninsured motorist provisions of both policies. Specifically, there was some uncertainty as to whether State Farm and USAA were both liable on a pro-rata basis or whether coverage under the USAA policy was excess over the benefits provided under the State Farm policy. While settlement discussions were ongoing between Baker and State Farm, Baker's attorney telephoned Baker's USAA agent, Ben Poe, and expressed his opinion that monies owed Baker under the State Farm and USAA uninsured motorist provisions would be payable pro-rata by those companies. Following this conversation, Poe wrote the subject letter to Baker's attorney stating he agreed that the available uninsured motorist coverage "appears to be subject to each company's pro-rata share." Thereafter, Baker settled with State Farm for $300,000.00. When Baker then turned to USAA for recovery, USAA asserted that its *132 uninsured motorist coverage was not pro-rata, but was in fact excess.
Below and on appeal, USAA characterizes the representation of its agent as a mere opinion, on which Baker had no right to rely. The trial court agreed and so concluded in entering the summary judgment. Whether a statement is one of fact or opinion depends on the circumstances of each particular case. If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the court as a question of law. Henderson v. CSX Transportation, Inc., 617 So.2d 770 (Fla. 1st DCA 1993); Chelton v. Tallahassee-Leon County Civic Center Authority, 525 So.2d 972 (Fla. 1st DCA 1988); Jancisko v. Levy, 517 So.2d 41 (Fla. 3d DCA 1987); Moore v. Morris, 475 So.2d 666 (Fla. 1985). A trial court is not permitted to determine issues of fact when deciding a motion for summary judgment; its role is to decide whether issues exist for resolution by the trier of fact. Moore.
A statement that, standing alone, appears to be a statement of opinion nevertheless may be a statement of fact when considered in context. Sub judice, whether the coverage afforded Baker by USAA was excess or pro-rata was a fact that could or should have been known to Poe as a USAA agent. As such, there is substantial evidence of probative value from which a jury could find that Poe misrepresented the fact that USAA's coverage was pro-rata. Stated otherwise, under the circumstances of this case, Poe's statement may be reasonably understood as an assertion of fact. Under this analysis, there is a threshold question of fact as to whether Poe's written representation constituted a statement of fact or an expression of opinion. In turn, a determination that the representation was factual, and thus actionable, raises the questions of whether Poe knew the statement was false and whether he intended Baker to rely thereon, and also whether Baker had a right to rely on the statement and did in fact rely to his detriment. The resolution of these questions, along with any other remaining elements of Baker's claim, are issues of fact that must be determined at trial.
Generally, the issue of fraud is not a proper subject of a summary judgment since it requires an explanation of the facts and circumstances of the alleged wrongdoing to determine if they collectively constitute a fraud, Amazon, supra, and for that reason such determination is seldom one that can be made in a legally sufficient manner without a trial. Nessim v. DeLoache, 384 So.2d 1341 (Fla. 3d DCA 1980); Automobile Sales, Inc. v. Federated Mutual Implement & Hardware Insurance Co., 256 So.2d 386 (Fla. 3d DCA 1972) (unique situation required for entry of summary judgment in a fraud case). A litigant has a right to trial where there is the slightest doubt as to the facts in a fraud case. Department of Revenue v. Rudd, 545 So.2d 369 (Fla. 1st DCA 1989); Dean v. Gold Coast Theatres, Inc., 156 So.2d 546 (Fla. 2d DCA 1963). Even where the facts are undisputed, issues as to the interpretation of such facts may be such as to preclude summary judgment. Franklin County v. Leisure Properties, Ltd., 430 So.2d 475 (Fla. 1st DCA 1983).
USAA essentially requests this court to hold, as a matter of law, that Baker had no right to rely upon a representation made to him by his own insurance agent because the representation was nothing beyond a mere opinion. The policy of this state is to promote settlement and to resolve disputes efficiently short of litigation. If this court were to accept the argument of USAA, it might be hazardous for insureds to attempt to settle any claim, short of proceeding to the stages of formal litigation. Without commenting on the likelihood of success of Baker's misrepresentation claim under the facts of this case, we must conclude, at this juncture, that genuine issues of material fact exist with regard to Baker's allegations, thereby precluding summary judgment.
Baker has filed a motion for attorney's fees pursuant to section 627.428, Florida Statutes. The right to such a fee is not now established since it is contingent upon the rendition of a judgment against the insurer, which has not *133 occurred in the case sub judice. The motion is therefore referred to the trial court to be considered at the conclusion of the proceedings below. See Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974); Peninsular Life Insurance Company v. Hanratty, 281 So.2d 609 (Fla. 3d DCA 1973).
REVERSED and REMANDED for further proceedings.
VAN NORTWICK, J., concurs.
BENTON, J., dissents with written opinion.
BENTON, Judge, dissenting.
I respectfully dissent. Mr. Poe's letter to Mr. Baker's lawyer  the only communication, written or oral, ever alleged to contain a misrepresentation  does not purport definitively to construe or in any way to supersede any policy provision. The letter cannot fairly be characterized as fraudulently misrepresenting the terms of the USAA policy.[1] Mr. Poe's letter does no more than discuss what "appears" to the writer and what, in the writer's opinion, Dr. Baker "may need to pursue." Represented by counsel at all times, Dr. Baker could not, as a matter of law, justifiably rely on Mr. Poe's gingerly phrased epistle to set at naught either straightforward policy language or the statutory provision on the subject,[2] which, insofar as pertinent here, is to the same effect.
The insurance policy under which United States Automobile Association (USAA) provided Dr. Baker uninsured and underinsured motorist coverage specifies:
If there is other applicable similar insurance, we will pay only our share of the loss. Our share is a proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.
(Emphasis supplied.) Dr. Baker took no appeal from the partial summary judgment entered against him on February 7, 1994, rejecting his contention (in another count) that Mr. Poe's letter altered the policy terms, and does not seek review of that question in this proceeding.
NOTES
[1] For this reason, it is unnecessary to decide whether questions as to the effect of the policy's terms should be viewed as factual instead of legal. See generally Chino Electric, Inc. v. U.S. Fidelity & Guaranty Co., 578 So.2d 320 (Fla. 3d DCA 1991).
[2] Section 627.727(9)(c), Florida Statutes (1993) provides:

If the injured person is occupying a motor vehicle which is not owned by him or a family member residing with him, he is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which he is a named insured or insured family member. Such coverage shall be excess over the coverage of the vehicle he is occupying.
(Emphasis supplied.)