707 So.2d 916 (1998)
Robert MAUNSELL, Appellant,
v.
AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., Appellee.
No. 97-351.
District Court of Appeal of Florida, Third District.
March 11, 1998.
Proenza, Roberts & Hurst, P.A., Thomas L. Hurst and Michael A. Vazquez, Miami, for appellant.
Hinshaw & Culbertson, Robert K. Tucker and David P. Hartnett, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
Robert Maunsell appeals the trial court's order granting summary judgment in favor of American General Life and Accident Insurance Company ("American General"). Maunsell left his job with Liberty National Insurance Company to go work with American General based upon American General's representative's promise to promote him to a management position and allow him to hire his own staff within three months of employment. Subsequent to these promises, Maunsell and American General signed a standard "Field Representative Employment Agreement" which was silent as to these promises. Maunsell began working at American General, but he was never promoted nor did he hire his own staff. Maunsell left employment with American General eight months later and filed a suit for fraudulent inducement. The trial court granted American General's motion for summary judgment, and we affirm.
*917 American General's future promises regarding Maunsell's promotion and hiring of staff, which were to occur three months after employment, are not actionable as fraud. See Sleight v. Sun and Surf Realty, Inc., 410 So.2d 998, 999 (Fla. 3d DCA 1982) ("A false statement amounting to a promise to do something in the future is not actionable fraud."); see also Stoler v. Metropolitan Life Ins. Co., 287 So.2d 694 (Fla. 3d DCA 1974); Evans v. Gray, 215 So.2d 40 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 748 (Fla.1969); 27 Fla. Jur.2d, Fraud and Deceit § 24 (1981). Because American General's statements are not actionable as fraud, there is no action for fraud in the inducement. Hence, the trial court properly granted summary judgment in favor of American General.
Affirmed.
COPE, Judge, specially concurring.
Plaintiff pled not only that the defendant made certain promises to him, but that, at the time the promises were made, defendant had no intention of carrying them out. The complaint thus states the essential elements of a cause of action for fraud in the inducement. See Bernard Marko & Assocs., Inc. v. Steele, 230 So.2d 42, 44 (Fla. 3d DCA 1970); 27 Fla. Jur.2d Fraud and Deceit § 25 (1981). As a matter of pleading, therefore, I do not agree with the statement in the majority opinion that plaintiff's claims "are not actionable as fraud." Majority opinion at 2.
However, on summary judgment there must be something in the record which raises "an issue as to whether future conduct was promised with ... wrongful intent." Palmer v. Santa Fe Healthcare Sys., Inc., 582 So.2d 1234, 1236 (Fla. 1st DCA 1991). The summary judgment record must, of course, be read favorably to plaintiff as the nonmoving party, see Moore v. Morris, 475 So.2d 666, 668 (Fla.1985), and must be read with the admonition in mind that summary judgment is granted cautiously in cases involving fraud. See Lewis v. Kranz, 599 So.2d 253, 253 (Fla. 3d DCA 1992). Nonetheless, even read in that light, I see no fact or reasonable factual inference which would support the complaint's bare assertion that, at the time the promises were made, the defendant did not intend to carry them out. I therefore concur in affirming the summary judgment.