781 So.2d 1175 (2001)
Jorge R. MEJIA, et al., Appellants,
v.
Katherine JURICH, Appellee.
No. 3D00-662.
District Court of Appeal of Florida, Third District.
April 11, 2001.
*1176 Robert J. Tieso, (Plantation); Jay M. Levy, Miami, for appellants.
Holland & Knight and Lucinda A. Hofmann and Judith M. Mercier, Miami, for appellee.
Before COPE, FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
In these consolidated appeals, the purchasers of homes in Lennar Homes' Three Lakes Project challenge orders dismissing their claims of fraud in the inducement against a Lennar Homes salesperson. Finding error, we reverse.
Appellants sued appellee, among other defendants, alleging that they were fraudulently induced into signing agreements for the purchase of homes at Lennar Homes' Three Lakes Project by certain misrepresentations made by the defendants. In their complaints, appellants contend that appellee made three material misrepresentations during the course of several meetings prior to their execution of the purchase agreements and continuing through the closing. The first of the alleged misrepresentations concerned the prices of the homes. Appellants claim they were shown a price list and were told that the selling prices listed would never be reduced as Lennar Homes was committed to upholding the property values in the Three Lakes Project. The purchase prices listed on a subsequently issued list, however, showed the price of the homes had been reduced. The second alleged *1177 misrepresentation involved certain railroad tracks which run across the development. According to appellants, prior to entering into their purchase agreements they were shown an artist's rendition of the final development which did not include the railroad tracks and were provided with an operating budget which did not provide for any expenses associated with the railroad crossing. More significantly, appellants contend they were falsely told by appellee that the railroad tracks, which were alleged to be under the control of the seller, were to be removed to provide for unrestricted access to the clubhouse and to eliminate any noise. Appellants further alleged that due to ongoing construction on the site they did not have access to the area in question to inspect it prior to closing on their homes. Finally, appellants claim they were falsely assured that the Three Lakes Project would be built and developed in accordance with the then existing zoning, but that Lennar has since requested a change of zoning and/or use variance to accommodate a higher density of residences. Appellants alleged that these representations were made with full knowledge of their falsity and with the intent of inducing them to rely upon them which they did to their detriment.
Appellee moved to dismiss the claims for fraud in the inducement on three grounds: (1) that appellee's statements were nothing more than puffing or salesmanship and not promises about a past or existing fact upon which appellants could justifiably rely; (2) that the representations preceded the execution of contracts which expressly warned appellants not to rely on oral representations and thus were merged into the contract's integration clause; and (3) that the claims were barred by the economic loss rule. The trial court dismissed the claims with prejudice upon its finding that the statements constituted nonactionable puffing or opinion without addressing the other two grounds. Final judgments in appellee's favor were subsequently entered after appellants abandoned their other claims against this appellee.[1]
An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. Maunsell v. American Gen. Life & Accident Ins. Co., 707 So.2d 916 (Fla. 3d DCA 1998); Baker v. United Servs. Auto. Ass'n, 661 So.2d 128 (Fla. 1st DCA 1995), rev. denied, 669 So.2d 252 (Fla.1996); Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168 (Fla. 4th DCA 1994). However, the courts have recognized exceptions to this rule which we find to be applicable in the instant case. Where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that said person knew or should have known from facts in his or her possession that the statement was false, then the opinion may be treated as a statement of fact. Baker, 661 So.2d 128; Thor Bear, Inc., 648 So.2d 168; Chino Elec., Inc. v. United States Fid. & Guar. Co., 578 So.2d 320 (Fla. 3d DCA 1991); Ramel v. Chasebrook Constr. Co., 135 So.2d 876 (Fla. 2d DCA 1961). Additionally, if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation. Noack v. Blue Cross & Blue Shield of Fla., Inc., 742 So.2d 433 (Fla. 1st DCA 1999); Williams v. Bear Stearns & Co., 725 So.2d 397 (Fla. 5th DCA 1998), rev. denied, 737 So.2d 550 (Fla.1999); Palmer v. Santa Fe Health-care *1178 Sys., Inc., 582 So.2d 1234 (Fla. 1st DCA), rev. denied, 593 So.2d 1052 (Fla. 1991).
In this case, appellants have alleged that they relied on the representations made by appellee because of her position as an experienced and knowledgeable Lennar Homes sales agent. As such, appellants were entitled to consider appellee's representations as statements of facts and not mere puffing or salesmanship. Appellants also alleged that when the representations were made appellee knew they were false and that Lennar Homes had no intention of performing them. Finding, therefore, that appellants' allegations fall within recognized exceptions to the rule that fraud may not be based on statements of opinion or promises of future actions, we conclude that the trial court erred in dismissing the complaints with prejudice based on its determination that appellee's statements were not representations about a past or existing fact upon which appellants could justifiably rely.
Moreover, the dismissals cannot be upheld on either of the remaining grounds proposed by appellee herein. The existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement. Ortiz v. Orchid Springs Dev. Corp., 504 So.2d 510 (Fla. 2d DCA 1987); Nobles v. Citizens Mortgage Corp., 479 So.2d 822 (Fla. 2d DCA 1985); Cas-Kay Enters., Inc. v. Snapper Creek Trading Ctr., Inc., 453 So.2d 1147 (Fla. 3d DCA 1984). And, when fraudulent misrepresentations in the formation of the contract are alleged, as is the case here, the economic loss rule does not bar recovery. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996); La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998); Johns v. Ponto, 684 So.2d 830 (Fla. 2d DCA 1996); Wassail v. Payne, 682 So.2d 678 (Fla. 1st DCA 1996).
Accordingly, we reverse and remand for reinstatement of plaintiffs' complaints.
NOTES
[1] The claims against the other defendants remain pending before the trial court.