COPE, J.
Eric Weldon appeals an adverse summary judgment in his action for fraud. We reverse for further proceedings.
Since this is an appeal from a summary judgment, we view the record in the light most favorable to plaintiff-appellant Weldon, as the nonmoving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
Plaintiff-appellant Weldon invested $160,000 with First Delta Financial Corporation. First Delta was owned by defendant-appellee James G. Wyche, who served as its chairman of the board.
Plaintiff and defendant were neighbors. According to plaintiffs testimony, the defendant represented to him that First Delta and another of defendant’s companies, Allied Transportation, were making money and were good investments. The defendant explained that others had already invested in these companies, and invited plaintiff to do so. The defendant took plaintiff into his home office and showed him accounts reflecting the money that the defendant was taking in from the businesses, and the money that the defendant was paying out to the investors. The defendant encouraged the plaintiff to liquidate other investments and instead invest in the defendant’s companies which would give him a substantial rate of return without significant risk.
The plaintiff invested $160,000 with the defendant. The investment was reflected in the form of a note from First Delta Financial Corporation. The stated rate of return was eighteen percent per year.
The record contains correspondence to the investors signed by the defendant as chairman of the board, and by the corpo *396 rate president and chief executive officer, Vincent Medina. At one point the corporation had been paying forty-two percent interest to its investors. In May 1998 this was reduced to twenty-five percent, and in October 1998 to eighteen percent or twenty-five percent, depending on the amount invested.
The business went defunct. The plaintiff lost his investment, as did approximately forty other investors.
Defendant Wyche, the plaintiff, and a number of other investors initially joined together in a suit against corporate president, Vincent Medina, on the theory that Medina had misappropriated the invested funds. Subsequently this plaintiff withdrew from that suit and brought suit against defendant Wyche.
Defendant Wyche moved for summary judgment. He argues that the financial failure was entirely the fault of Vincent Medina, and claims he had no knowledge of Medina’s activities. Defendant Wyche contends that he and the other investors were victimized by Medina.
Defendant Wyche argues that all of the representations he made to the plaintiff were true when made, and that he committed no fraud. The trial court granted summary judgment in favor of the defendant and the plaintiff has appealed.
A trial court should be cautious entering summary judgment in a fraud case. See Baker v. United Services Auto. Ass’n, 661 So.2d 128, 132 (Fla. 1st DCA 1995). Under the circumstances present here, the summary judgment should not have been entered.
Accepting the plaintiffs testimony as true, the defendant told the plaintiff that he was the owner of First Delta, a sound business and good investment. The defendant was the chairman of the board. The defendant personally showed the plaintiff financial records of the company reflecting funds received and proceeds paid out to investors. The defendant personally signed (along with Medina) the letters to investors which addressed the rates of return that the company was paying to investors. The plaintiff never met Medina or had any knowledge of his existence until long after he made the $160,000 investment with First Delta.
Vincent Medina testified that defendant Wyche personally drafted the promissory notes and letters issued to the investors. According to Medina, defendant Wyche was the contact person with the investors. The defendant received the funds invested, directed how the funds would be used, and made the interest payments to the investors. Medina testified that the investors’ money ultimately went to defendant Wyche personally.
Other investors filed affidavits confirming that the financial aspects of their investment were handled by the defendant personally. These investors stated that (like the plaintiff) they did not deal with, or know of the existence of, Vincent Medina until after they had made their investments.
Based on the foregoing, the trier of fact could reasonably conclude that the defendant was thoroughly knowledgeable of the true financial situation of First Delta and his related companies. The trier of fact could also conclude that the defendant’s representations that these were sound businesses and safe investments were untrue, and known by the defendant to be untrue when made.* See Baker, 661 So.2d at 132.
*397 Naturally the defendant has a different version of the events, which he is free to present at trial. But viewing the record in the light most favorable to the plaintiff, the summary judgment must be reversed.
Reversed and remanded for further proceedings consistent herewith.

 It is plaintiff’s theory that the defendant was operating a Ponzi scheme, which has been defined as "[a] fraudulent investment scheme in which money contributed by later investors *397 generates artificially high dividends for the original investors, whose example attracts even larger investments.” Black’s Law Dictionary 1180 (7th ed. 1999).
If the defendant had no intention of carrying out the promise that the investors’ funds would be used for legitimate business purposes, then that too is an actionable fraud. See Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 172 (Fla. 4th DCA 1994).