870 So.2d 905 (2004)
TRES-AAA-EXXON, a Florida corporation, and Luis Apa, Appellants,
v.
CITY FIRST MORTGAGE, INC.; Anthony J. Estevez; Peter Garcia; and Stephen Fiske, Appellees.
No. 4D02-4917.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
*906 Ian S. Seitel of Ian S. Seitel, P.A., Fort Lauderdale, for appellants.
Bruce R. Jacobs of Wedderburn & Jacobs, P.A., North Miami Beach, for Appellees-City First Mortgage, Peter Garcia and Stephen Fiske.
Howard W. Mazloff of Howard W. Mazloff, P.A., Miami, for Appellee-Anthony J. Estevez.
STONE, J.
The plaintiff/appellant (Exxon) is the buyer of property upon which a gas station was to be constructed. City First Mortgage is the lender and the individual appellees, Garcia and Estevez, are collectively referred to as the sellers. When the construction costs exceeded the costs represented by the sellers, Exxon sued for fraud in the inducement and negligent misrepresentation. The trial court entered a final judgment on the pleadings in favor of the sellers. We reverse.
According to the complaint, in the course of negotiations, the sellers undertook the task of determining the cost of the improvements. Estevez calculated the costs at $122,512 and City First hired an appraiser who advised that the cost of the improvements would be no more than $125,000. The cost statements reflecting these amounts were incorporated into the purchase contract and the mortgage escrow agreement with City First.
*907 The trial court's award of a final judgment in favor of the sellers was predicated on Exxon's failure to allege a misrepresentation of a past or existing fact. See Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 172 (Fla. 4th DCA 1994); see also Mejia v. Jurich, 781 So.2d 1175, 1177 (Fla. 3d DCA 2001). Exxon contends, however, that the misrepresentations as to improvement costs were both negligently and willfully made because the sellers had knowledge of Exxon's reliance on their "expertise" regarding the cost of constructing the gas station, and knew that the estimates given to Exxon were false.
The sellers contend that the representations, even if false, were simply estimates or predictions of the future cost of the pending improvements. See Thor Bear, 648 So.2d at 171; see also Farnham v. Blount, 152 Fla. 208, 11 So.2d 785, 790 (1942). They argue that fraud cannot be predicated on "unfulfilled predictions or expectations, or erroneous conjectures as to future events...." Brod v. Jernigan, 188 So.2d 575, 579 (Fla. 2d DCA 1966). See Pressman v. Wolf, 732 So.2d 356 (Fla. 3d DCA 1999), overruled on other grounds, M/I Schottenstein Homes, Inc. v. Azam, 813 So.2d 91 (Fla.2002).
Allegations of fraud are difficult to resolve by a judgment on the pleadings since, generally, such a claim requires an explanation of the allegations. See Baker v. United Services Auto. Ass'n, 661 So.2d 128, 132 (Fla. 1st DCA 1995). A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment, as a matter of law, based solely on the pleadings. McKinzie By and Through McKinzie v. Hollywood, Inc., 421 So.2d 606, 607-08 (Fla. 4th DCA 1982). "The court must accept as true all well-pleaded allegations of the non-moving party." Windle v. W.W. Windle Co., 731 So.2d 36, 37 (Fla. 4th DCA 1999).
Whether a statement is one of fact or opinion depends on the circumstances in each case. See Mejia, 781 So.2d at 1177; see also Baker, 661 So.2d at 131. Although it is undisputed that, generally, an action for fraud may not be predicated on statements of opinion or promises of future action, other proofs may determine whether a statement coming from one with claimed superior information concerning the subject makes it a representation of fact rather than opinion. See Thor Bear, 648 So.2d at 172.
Here, Exxon alleged that the defendants knew full well it was "relying on [the sellers'] expertise and their undertaking" of the appraisal of the costs.
In Vickers v. Shepard, 526 So.2d 1016 (Fla. 2d DCA 1988), in an action arising from loans for the purchase of cattle, a summary judgment dismissing the buyer's counterclaim for fraud, deception, and misrepresentation by the seller was reversed where there was testimony that a bank employee furnished the seller with incorrect figures representing the value of the cattle and intended that the buyer rely on the false appraisals.
Next, in Baker, the First District explained that triable issues of fact, precluding summary judgment, may be presented in fraud cases as proof of whether an alleged misrepresentation was intended as a statement of fact or opinion. 661 So.2d at 132. The issue in Baker was whether an agent made a statement of fact or opinion incorrectly in stating that damages owed to Baker would be payable pro-rata by two different insurance companies. Id. at 130. In reversing, the Baker court noted that "[w]hether a statement is one of fact or opinion depends on the circumstances of each particular case." Id. at 132.
Similarly, in Thor Bear, this court reversed judgment in accordance with a motion *908 for directed verdict and concluded that where a landlord misrepresented that there was sufficient parking near a tenant's store, a jury may find the tenant's reliance on such a statement justified, based on an inference that it was a false statement concerning an existing fact. 648 So.2d at 172.
Also, in Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 335 (Fla. 1997), the supreme court recognized that a negligent misrepresentation claim is properly submitted to the trier of fact, where a vendor of property furnished the buyer with a year-old appraisal containing an erroneous zoning classification.
Recently, in D & M Jupiter, Inc. v. Friedopfer, 853 So.2d 485, 487 (Fla. 4th DCA 2003), this court reversed a summary judgment in favor of the seller, finding a genuine issue of material fact as to whether the seller's statement, made within an offer of sale memorandum that the property's site drainage requirements were met, could be found to be a misrepresentation. The issue precluded summary judgment in the buyer's action against seller for fraud in the inducement and negligent misrepresentation, notwithstanding a statement that the seller's statement was not guaranteed. Id.
While we reverse, we caution, however, that despite our foregoing references to opinions resting on summary judgment or directed verdict issues, this opinion is directed solely to the judgment on the pleadings and should not be construed as pre-judging any subsequent motion for summary judgment or motion for directed verdict.
GROSS and HAZOURI, JJ., concur.