PER CURIAM.
Alonzo P. Newsome, a detainee at the Florida Civil Commitment Center (“FCCC”) pursuant to the Jimmy Ryce Act, appeals the trial court’s order granting a motion for judgment on the pleadings in favor of the defendants, The GEO Group, Inc., Timothy Budz, and Paul M. Pye.[1] The judgment on the pleadings was entered in Newsome’s negligence action against the defendants for FCCC’s new policy replacing double-blade razors with single use, single blade razors.
This case arose after FCCC’s facility administrator, Timothy Budz, issued a memorandum to the center’s residents announcing the center’s new policy switching from double-razor blades to single-razor blades. The memorandum explained that, beginning January 10, 2008, it was instituting the new “Razor Harm Reduction Program” for the following reasons: (1) because many residents at the center were “at high risk for self-harm incidents including cutting themselves with a sharp object,” (2) there were incidents where residents removed razors from the shaver “to be used as a weapon, creating a security risk for those who live and work at FCCC,” and (3) there were a large number of razors that had been sold and bartered between the residents.
Newsome, a detainee housed in the FCCC, complained that the facility’s replacement of double-blade razor blades with single-razor blades caused harm and serious injuries to Newsome and the rest of the resident population. Specifically, in grievances Newsome filed in March 2008, he complained that the new single-blade razors were causing “extreme bumping, scarring, bleeding, cutting, [and] skin irritation on [his] face and scalp.” The facility’s administrator and business manager denied Newsome’s grievance, dismissing his concerns that the razor blades were dangerous.
Although the FCCC administrators determined that the single-blade razors were safe for their intended purpose, about a month later, in April 2008, they informed the residents that they would reinstate their former policy allowing the use of double-blade razors. Nevertheless, in October 2008, Newsome filed a negligence action against FCCC, the administrators, and The Geo Group, Inc., a privately managed company that was under contract with the State of Florida to manage the housing and treatment of detainees at the center. In his amended complaint, he alleged the following: (1) negligence of Mr. Budz in failing to take immediate action in maintaining a safe environment, (2) negligence of Mr. Pye in failing to take immediate action, and (3) negligence of The GEO Group, Inc. on the theory of vicarious lia *170 bility/respondent superior through the negligence of its employees, Mr. Budz and Mr. Pye.
Defendants filed an answer and several affirmative defenses, stating that “[a]t all times relevant to this Complaint, all Defendants acted in good faith and are therefore shielded from civil liability under Section 394.923, Florida Statutes.” Defendants also filed a motion for an order staying Newsome’s discovery, along with a motion for judgment on the pleadings based on the defendants’ immunity under section 394.923, Florida Statutes. In response, Newsome asserted that the defendants were not entitled to immunity under the. statute because they acted in bad faith and because Newsome was not a committed resident of the FCCC.
Following a telephonic hearing, the court orally granted the defendants’ motion for judgment on the pleadings. New-some appealed.
“An appellate court considers a trial court’s granting of a judgment on the pleadings by a de novo standard of review.” Lutz v. Protective Life Ins. Co. 951 So.2d 884, 887 (Fla. 4th DCA 2007). “A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment, as a matter of law, based solely on the pleadings.” Tres-AAA-Exxon v. City First Mortg., Inc., 870 So.2d 905, 907 (Fla. 4th DCA 2004). “The court must accept as true all well-pleaded allegations of the non-moving party.” Thompson v. Napotnik, 923 So.2d 537, 539 (Fla. 5th DCA 2006) (quoting Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987)). Thus, in our review, we must take as true all of the material allegations in plaintiffs complaint and disregard all of the denials in the defendants’ answer. See Lutz, 951 So.2d at 887.
Section 394.923 provides statutory immunity from liability to those involved in the care and treatment of sexually violent predators. Specifically, section 394.923 provides the following:
The agency with jurisdiction and its officers and employees; the department and its officers and employees; members of the multidisciplinary team; the state attorney and the state attorney’s employees; the Department of Legal Affairs and its officers and employees; and those involved in the evaluation, care, and treatment of sexually violent persons committed under this part are immune from any civil liability for good faith conduct under this part.
Newsome argues, inter alia, that the trial court erred in granting defendants’ motion for judgment on the pleadings based upon their defense that they were entitled to statutory immunity because of them good faith actions and decisions regarding the care and treatment of FCCC residents. We agree. Whether defendants’ action in instituting the “Razor Harm Reduction Program” constitutes good faith conduct such that defendants are immune from civil liability under the statute cannot properly be determined by way of a motion for judgment on the pleadings. Accordingly, we reverse for further proceedings.[2]

Reversed and Remanded.

WARNER, TAYLOR and CONNER, JJ., concur.

. The FCCC is a state-owned facility that is operated for the specific purpose of housing and providing treatment to persons detained and committed as sexually violent predators. Plaintiff is a detainee pursuant to the Involuntary Civil Commitment of Sexually Violent Predators’ Treatment and Care Act (f/k/a the "Jimmy Ryce Act”), section 394.910, Florida Statutes. As a detainee under the Act, Plaintiff is in the custody of the Florida Department of Children and Families (DCF) and housed in the FCCC.

. As we noted in Tres-AAA-Exxon, "this opinion is directed solely to the judgment on the *171 pleadings and should not be construed as prejudging any subsequent motion for summary judgment or motion for directed verdict.” 870 So.2d at 908.