PER CURIAM.
Alonzo P. Newsome, a civil detainee under the Jimmy Ryce Act, appeals an order requiring payment of court costs from his trust account. We reverse.
Newsome brought a negligence action against the Florida Civil Commitment Center (FCCC) and related defendants. During that proceeding, the trial court granted appellant’s motion for indigency status. Subsequently, the trial court granted the defendants’ motion for judgment on the pleadings and entered final judgment in favor of the defendants. Appellant filed a notice of appeal of that final judgment in Case No. 09-5157.[1]
After the final judgment was entered in favor of the defendants, the trial court entered an Order to Pay Court Costs and Fees. That order provided as follows:
THIS CAUSE came before the Court on the Palm Beach County Clerk & Comptroller’s request that this court order the indigent Plaintiff to make payments for court costs and fees. Under § 57.085(5), Florida Statutes, “[w]hen the clerk has found the prisoner to be indigent, the court shall order the prisoner to make monthly payments of no less than 20 percent of the balance of the prisoner’s trust account as payment of court costs and fees. When a court orders such payment, the Department of Corrections or the local detention facility shall place a lien on the inmate’s trust account for the full amount of the court costs and fees, and shall withdraw money maintained in that trust account and forward the money, when the balance exceeds $10, to the appropriate clerk of the court until the prisoner’s court costs and fees are paid in full.”
Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff shall make payments for court costs and fees.
The trial court denied appellant’s motion for rehearing and appellant appealed.
Appellant argues that the trial court’s payment order must be reversed because he is not a prisoner, but rather is a civil detainee in the custody of the Department of Children and Families. Thus, he argues, the trial court erred in ordering a lien on his trust account based on section 57.085.
Section 57.085(5), Florida Statutes (2009), provides in pertinent part that *1069 “[w]hen the clerk has found the prisoner to be indigent, the court shall order the prisoner to make monthly payments of no less than 20 percent of the balance of the prisoner’s trust account as payment of court costs and fees.” (Emphasis added). The term “prisoner” is defined as “a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.” § 57.085(1), Fla. Stat. (2009).
Here, appellant is not a prisoner within the meaning of section 57.085(1). Appellant is not serving a term of incarceration for a crime, nor is he being held in custody pending extradition or sentencing. A civil detainee under the Jimmy Ryce Act does not fall within the purview of section 57.085(l)’s definition of a prisoner because the detention is not part of punishment for a previous criminal conviction. See State v. Harris, 881 So.2d 1079, 1084-85 (Fla.2004) (explaining that the involuntary civil commitment of sexually violent predators under the Jimmy Ryce Act is not punishment). The Eleventh Circuit has likewise concluded that a civil detainee under the Jimmy Ryce Act is not a prisoner for purposes of a similar payment provision in the federal Prison Litigation Reform Act. See Troville v. Venz, 803 F.3d 1256, 1259-60 (11th Cir.2002).
Because the statutory definition of “prisoner” does not include civilly committed detainees, the trial court erred in applying the payment provision of section 57.085(5) to appellant. Accordingly, we reverse the trial court’s payment order.

Reversed.

WARNER, TAYLOR and CONNER, concur.

. Initially, we sua sponte consolidated this appeal with 4D09-5I57, but we subsequently vacated that consolidation order and are now considering these appeals separately. In 4D09-5157, Newsome v. GEO Group, Inc., 72 So.3d 168 (Fla. 4th DCA 2011), we reversed the order that granted the defendants' motion for judgment on the pleadings and remanded for further proceedings in appellant’s negligence action.