PER CURIAM.
Appellant appeals a final judgment in garnishment that we treat as a judgment on the pleadings. Because we find that the pleadings did not entitle appellee to judgment as a matter of law, we reverse.
Appellee moved for a writ of garnishment against the property of an underlying judgment defendant alleged to be in appellant’s possession. In its answer to the writ, appellant pleaded:
1. At the time of service of said Writ ... and at the time of the Answer, and in between said times, the Garnishee may be indebted to Defendant ... in the amount of $428,129.06. Garnishee in good faith has retained the sum of 428, 129.06 in accordance with Chapter 77, and primarily Section 77.06(2) and (3), Florida Statutes.
Appellee filed a reply to appellant’s answer. Appellee “admitted” appellant’s answer “[t]o the extent that the Answer of [appellant] admits [appellant] is indebted to Defendant ... in the amount of $428,129.06.” Appellee’s reply, however, averred further:
To the extent that the Answer of [appellant] suggests otherwise (the use of the words “may be” in the Answer), [appellee] is without knowledge as to what specific amounts, monies or other property both tangible and intangible of Defendants ... were possessed by [appellant] at the time of service of the Writ of Garnishment until the time the Answer to Writ of Garnishment and in such instance [appellee] denies that [appellant] has included in its answer all amounts of money and other property it holds for Defendants in Garnishment.
*257 Appellee moved for entry of final judgment on the grounds that appellant’s answer “reflected its indebtedness to [Defendant] in the sum of $428,129.06 without a claim for set-off’ and that appellee’s reply also admitted appellant’s indebtedness. Appellant moved to amend its answer, claiming that it disputed the amount owed to the underlying defendant, but the trial court deemed the motion untimely and entered final judgment in garnishment in favor of appellee.
“A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment, as a matter of law, based solely on the pleadings.” Newsome v. GEO Grp., Inc., 72 So.3d 168, 170 (Fla. 4th DCA 2011) (citation omitted). “Judgment against the garnishee on the garnishee’s answer or after trial of a reply to the garnishee’s answer shall be entered for the amount of his or her liability as disclosed by the answer or trial.” § 77.088, Fla. Stat. (2011). “[G]arnishment does not lie where the amount of indebtedness owing to the defendant is contingent or uncertain.” Chaachou v. Kulhanjian, 104 So.2d 28, 24 (Fla.1958).
In the present ease, appellant’s answer did not “disclose[ ]” “the amount of his or her liability” under section 77.083, Florida Statutes, because it stated that appellant “may be indebted to Defendant.” (emphasis added). See also § 77.06(3), Fla. Stat. (2011) (providing a garnishee with immunity for indebtedness included in its answer where it has a good faith doubt as to whether inclusion is required). Further, a plain reading of appellee’s reply, which acknowledged that appellant’s answer used the word “may,” indicates the presence of “unresolved factual issues” that cannot be settled by the entry of a judgment on the pleadings. First Colony Life Ins. Co. v. Sun State Capital Funding, Inc., 730 So.2d 735, 735 (Fla. 2d DCA 1999).
Accordingly, we reverse the final judgment in garnishment entered against appellant and remand to the trial court for further proceedings.

Reversed and remanded for further proceedings.

TAYLOR, CIKLIN and LEVINE, JJ., concur.