287 So.2d 694 (1974)
Alan STOLER, Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY and Harold Wolf et al., Appellees.
No. 73-471.
District Court of Appeal of Florida, Third District.
January 8, 1974.
*695 Becker, Kimler, Entin & Ullman, Miami, for appellant.
McCarthy, Steel, Hector & Davis and Dennis G. King and Joseph Pardo, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
HENDRY, Judge.
Appellant, plaintiff in the trial court, brought an action against the appellees for tortious misrepresentation. The complaint alleged that plaintiff, a dentist, sought to put into effect a pension plan for plaintiff's professional association.
Plaintiff charged that certain promised management functions respecting this pension plan were never performed by the appellees, and plaintiff was required to incur substantial legal fees. The trial court dismissed the complaint without prejudice, but after plaintiff chose not to amend his complaint a final order of dismissal was entered by the court on March 16, 1973.
Appellant contends that dismissal of the complaint was improper because the complaint stated a valid cause of action for misrepresentation. We disagree. Appellant relies on Poliakoff v. National Emblem Insurance Company, Fla.App. 1971, 249 So.2d 477, as authority to support his cause of action for fraudulent misrepresentation.
In that case, this court held that an action for fraudulent misrepresentation would lie where the plaintiff had purchased a "non-cancellable" policy which was cancelled without stated reason within two months of the date of purchase.
That case is distinguishable from the cause sub judice. As was stated in Brod v. Jernigan, Fla.App. 1966, 188 So.2d 575, a promise which is merely unfulfilled does not necessarily amount to a false promise. The court therein also noted that a promise to do something in the future is not fraud in a legal sense, even if the promise induces another to enter into a contract. See also, Evans v. Gray, Fla.App. 1968, 215 So.2d 40.
In the instant case, the management of plaintiff's pension plan involved promises of future performance, and therefore is not actionable for tortious misrepresentation. We also do not think that certain alleged representations made by appellees concerning the "tremendous facilities" of Metropolitan Life Insurance Company and the close proximity of the company to plaintiff's office constitutes fraud. 14 Fla.Jur. Fraud and Deceit § 13.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.