SMITH, Judge.
This money judgment for fraud was predicated entirely on allegations and proof that appellant Coggin, being advised that appellee Putnam suspected irregularities in a wholesaler’s purchases of cars from Cog-gin on Putnam’s credit, assured Putnam that the wholesaler’s purchases would be monitored and properly billed to Putnam. The wholesaler continued to defraud Putnam by purchases from Coggin on Putnam’s credit.
There was neither allegation nor proof that Coggin knowingly participated in or profited by the wholesaler’s fraud, nor that Coggin knowingly misrepresented any fact to induce detrimental reliance by Putnam. Coggin’s promissory representation was made in good faith. In the absence of a fiduciary obligation which was neither pleaded nor proved, Coggin’s failure or inability to prevent loss to Putnam is not actionable as fraud. Stoler v. Metropolitan Life Ins. Co., 287 So.2d 694 (Fla.App. 3d, 1974); Bernard Marko & Assoc., Inc. v. Steele, 230 So.2d 42 (Fla.App.3d, 1970). The trial court erred in not rendering judgment for Coggin.
Reversed.
RAWLS, Acting C. J., and MILLS, J., concur.