410 So.2d 998 (1982)
Ronald R. SLEIGHT, Appellant,
v.
SUN AND SURF REALTY, INC., Etc., et al., Appellees.
No. 80-2400.
District Court of Appeal of Florida, Third District.
March 16, 1982.
Lee, Schulte, Murphy & Coe and Jack M. Coe, Jupiter, for appellant.
Maurice Jay Kutner, Miami, for appellees.
Before SCHWARTZ, DANIEL S. PEARSON and JORGENSON, JJ.
*999 JORGENSON, Judge.
Ronald Sleight, defendant below, appeals from an adverse judgment following a jury trial awarding Sun and Surf Realty, plaintiff below, $20,000 actual damages and $100,000 punitive damages. The alleged cause of action arose out of a real estate commission agreement involving the sale of the Hurricane Motor Lodge in Monroe County, Florida. Count 2 of the amended complaint (the only count involving Mr. Sleight) sounded in common law fraud and conspiracy to defraud. Evidence adduced during the course of the trial disclosed that the cooperating brokers had agreed to a reduced commission of $20,000 (secured by a promissory note) which was to be paid some six months after the closing. The closing occurred on February 1, 1978. Neither broker took any action to collect the commission until after August, 1978.
Florida law is well-settled that a misrepresentation must ordinarily relate to a past or existing fact to be the basis of a claim for relief sounding in fraud. Upchurch v. Mizell, 50 Fla. 456, 40 So. 29 (1905). A false statement amounting to a promise to do something in the future is not actionable fraud. Stoler v. Metropolitan Life Insurance Company, 287 So.2d 694 (Fla. 3d DCA 1974); Evans v. Gray, 215 So.2d 40 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 748 (Fla. 1969); 27 Fla.Jur.2d, "Fraud and Deceit" § 24. The record before us is entirely devoid of any evidence to support a theory of fraud or conspiracy to defraud. Accordingly, the judgment below is reversed and this cause is remanded with directions to enter judgment for appellant.
Reversed and remanded with directions.