## GRUTTEMEYER v. SOUTHEAST VENTURE CAPITAL, INC., et al.
Case No. 81-20148
Eleventh Judicial Circuit, Dade County
April   , 1984

Vance E. Salter, Steel, Hector & Davis for defendants, Southeast Venture Capital, Inc. and Clement L. Hofmann.

L. Jana Sigars, for defendant, William S. Potter.

Bernard B. Weksler, for plaintiff, Richard G. Gruttemeyer

PHILLIP W. KNIGHT, Circuit Judge

THIS CAUSE came to be heard on April 18, 1984 upon the Motions for Final Summary Judgment filed by Defendants Southeast Venture Capital, Inc. ("Southeast") and C.L. Hofmann ("Hofmann") [November 8, 1983] and by Defendant William S. Potter, Jr. ("Potter") [November 18, 1983].

Having reviewed the Motions and all of the pleadings, depositions and deposition exhibits, having heard argument of counsel, having considered the citations and authorities presented by the parties, and being otherwise fully advised in the premises, the Court finds that:

1. This is a case involving the SeaCraft boat company. The Plaintiff, assessed by the United States Internal Revenue Service (the "IRS") for unpaid withholding taxes and penalties relating to periods when he served as the financial officer of SeaCraft, seeks to recover any such IRS assessments, other damages, and punitive damages from each of the Defendants.

2. After extensive discovery, there is no genuine issue as to any material fact, and the Defendants are entitled to final judgment as a matter of law. The Plaintiff, Richard G. Gruttemeyer ("Gruttemeyer") candidly testified that his understandings amounted to an expectation, rather than certain and unequivocal knowledge based upon representations or conduct by the Defendants, that Southeast or Potter would obtain sufficient funding for SeaCraft, Inc. to pay its federal employee withholding taxes. There was no testimony or evidence whatsoever to suggest that Hofmann had any involvement in the transactions among the parties except as an officer of Southeast.

3. Gruttemeyer filed no affidavits in opposition to the Motions. His deposition testimony and admissions demonstrate that he (like all of the Defendants) understood that (a) SeaCraft, Inc. was a failing company and (b) there were substantial uncertainties whether additional cash might be realized from (i) production and sale of boats, (ii) additional investment by Southeast or others, or (iii) the sale of the business by Potter.

4. Ordinarily, false statements amounting to a promise to do something in the future are not actionable fraud. *Sleight v. Sun and Surf Realty*, 410 So.2d 998 (Fla. 3d DCA 1982); 27 Fla. Jur. 2d "Fraud and Deceit" Section 24. Exception to that rule may be made where it is shown that a defendant has made a deliberately fraudulent promise. *Id.*, Section 25. There has been no evidence that any Defendant made such a promise. Gruttemeyer testified that Southeast made certain statements relating to its ability to invest additional funds, but neither Gruttemeyer nor any other evidence demonstrated that such statements were (a) untrue in fact or (b) known to be untrue when made. Such statements fall seriously short of a stated and unconditional promise to invest funds in the failing company. Similarly, no evidence has been adduced to demonstrate that Potter made any untrue statement, much less that he knew any such statement was untrue when made. To the contrary, the testimony and documents suggest that all of the parties, Plaintiff and Defendants alike, were doing their best to find solutions to SeaCraft's manifold problems.

5. There is neither a legal nor a factual predicate for Gruttemeyer's other claims relating to breach of an alleged fiduciary duty or to any

theory of indemnification or contribution. The latter theories were the subject of this Court's prior order of dismissal [June 16, 1982], because, as a matter of law, IRS penalties under 26 U.S.C. Section 6672 may not be the subject of such claims. See *Hanhauser v. United States*, 85 F.R.D. 89 (M.D. Pa. 1979). Gruttemeyer testified that, during the relevant periods, his employment was with SeaCraft and not with Southeast or with Potter. There is nothing before the Court to indicate that any confidential or fiduciary relationship existed between any Defendant and Gruttemeyer in respect to Gruttemeyer's actions while with SeaCraft.

On the basis of the foregoing, it is hereby ORDERED and ADJUDGED that:

A. Both Motions for Final Summary Judgment are granted.

B. Final Summary Judgment is entered in favor of each of the Defendants and against the Plaintiff.