PER CURIAM.
Appellees (developers) are in the business of selling condominiums. The appellants (purchasers) selected eleven of the developers’ units to purchase. The parties executed deeds, mortgages, and closing documents for two of the units and “option agreements” for the others. The consideration paid consisted of gems which were valued and allocated among the various units. All deeds, mortgages, notes, options, and closing documents were executed by the parties and delivered to the developers’ lawyer. The purchaser obtained possession of the two deeded units and made some improvements thereto.
The deeds and mortgages pertaining to the two purchased units were not recorded because the developers’ lawyer claimed he was under escrow instructions not to do so until the purchasers made the initial payment due on all the option agreements, i.e., *836 purchasers would have to exercise the options on all the optioned units. The purchasers deny any such agreement and claim that the failure to record constituted a basis for rescission of all the transactions and a return of all gemstones.
The purchasers sued the developers seeking rescission, replevin, damages, specific performance and declaratory relief. At trial, the plaintiffs elected to pursue rescission in lieu of specific performance. The trial court found the purchasers to be in default and denied them relief.
We consider first the option contracts. Paragraph 21 of each of the separate option agreements provides:
21. This agreement represents the entire agreement between the parties hereto, and supersedes all prior agreements which shall henceforth become null and void. There are no collateral or oral agreements or understandings.
In light of this provision, the purchasers correctly argue that the admission of evidence of an alleged oral agreement varying the terms of these option agreements violates the parol evidence rule and was error. See Lemon v. Aspen Emerald Lakes Associates, Ltd., 446 So.2d 177, 180 (Fla. 5th DCA 1984); Carlon, Inc. v. Southland Diversified Company, 381 So.2d 291, 293 (Fla. 4th DCA 1980). As this court explained in J.C. Penney Company v. Koff, 345 So.2d 732, 735 (Fla. 4th DCA 1977), courts may “consider extrinsic evidence only when confronting an ambiguous contract provision, and they are barred from using evidence to create an ambiguity to rewrite a contractual provision, or to vary a party’s obligation under a contract.” Accordingly, the purchasers are entitled to rescission of the option contracts and to the return of the gemstones allocated for these nine contracts.
We next consider whether the failure to record the deeds and mortgages to the two remaining units because of the alleged oral agreement not to record until certain payments on the option agreements were made constitutes a sufficient basis for rescission on that transaction.
The trial court found the purchasers in default and denied them the remedy of rescission. The purchasers contend that this is error, alleging that it was the developers who had anticipatorily breached the agreement by failing to record. The purchasers also argue that enforcement of the alleged oral agreement not to record constitutes a violation of the Statute of Frauds.
We first note that the deeds and mortgages pertaining to the two units in question were not preceded by any written agreement for deed. Although the enforcement of the alleged oral agreement not to record until payments were made on another transaction may constitute a violation of Statute of Frauds as alleged by the purchasers, we find that irrelevant to the issues here. The developers did not seek enforcement of any oral agreement. It was the purchasers who sued for rescission. The developers had conveyed the executed deeds to purchasers’ attorney who then returned them to the developers’ attorney for recording. The developers had wronged the purchasers by failing to record the deeds and mortgages. The purchasers’ remedy for this wrong is not rescission, however, because there was no contract to rescind. Both parties had fully performed. The purchasers had made certain payments and obligated themselves for remaining payments by promissory notes and mortgages. The developers had executed deeds to the two units and had conveyed possession to the purchasers.
The purchasers sought rescission only as a vehicle to remedy the failure of the developers to record. The developers did not sue for foreclosure or for any other form of affirmative relief. Although we find that the trial court correctly denied the purchasers’ claim for rescission, the court erred in finding the purchasers to be in default and permitting the developers to retain all the gemstones allocated to these two units, apparently as some sort of liquidated damages.
Accordingly, we reverse and remand with the following directions: (1) As to the *837 nine units under the option contracts, the court shall order the return of the gemstones allocated under the option contracts in accordance with a finding of rescission thereto; (2) As to the two units for which deeds and mortgages have been executed, the developers shall record same and shall be given the opportunity to plead appropriately for any monies due under these documents.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE HEREWITH.
ANSTEAD, J., and BARKETT, ROSEMARY, and HURLEY, DANIEL T.K., Associate Judges, concur.