582 So.2d 1234 (1991)
Rufus PALMER, M.D., Appellant,
v.
SANTA FE HEALTHCARE SYSTEMS, INC., Calhoun Hospital, Inc., National Staff Consultants of Tampa, Inc., Tom Scoggins, R.C. Hudson and Harry Walker, Appellees.
No. 90-2188.
District Court of Appeal of Florida, First District.
July 17, 1991.
Rehearings Denied August 21, 1991.
*1235 Rufus P. Palmer, M.D., Fort Myers, pro se.
Linda Haddad and Paul A. Verardi of Horty, Springer & Mattern, P.C., Pittsburgh, Pa. and William C. Andrews of Scruggs and Carmichael P.A., Gainesville, for appellees Santa Fe Healthcare, Calhoun Hosp., Inc., R.C. Hudson and Harry Walker.
ALLEN, Judge.
The appellant challenges orders which were entered on his multiple count complaint against the appellees. We find that the court should not have entered a summary judgment as to the fraud count of the appellant's complaint. We further find that the summary judgment was proper as to the breach of contract count, and that the appellant's other assertions of error are without merit.
The appellant and the appellee, Santa Fe Healthcare Systems, Inc., entered into a one-year contractual agreement under which the appellant would locate his medical practice in the Blountstown area as a staff member of the appellee, Calhoun Hospital, Inc., and Santa Fe would make guaranteed monthly payments to the appellant. During the term of this contract Santa Fe discontinued its affiliation with the hospital but continued to make the guaranteed payments. However, the appellant and Santa Fe both eventually became dissatisfied with the relationship. The appellant left the Blountstown area and Santa Fe discontinued its payments.
The appellant filed a multiple count complaint seeking relief on several different grounds. In one count the appellant alleged that Santa Fe breached the contractual agreement by discontinuing the guaranteed payments, and by other acts including the termination of its affiliation with the hospital. In another count the appellant asserted that he had been fraudulently induced to enter into the contractual agreement. To support this claim the appellant alleged that false representations were made regarding the available number of surgical patients and Santa Fe's commitment to modernize the hospital. Numerous documents, including several depositions, were filed with the court and, after a complicated procedural history, a summary final judgment was eventually entered for the appellees.
Although Santa Fe discontinued its payment under the contractual agreement, the record establishes that the appellant left the area and discontinued his own performance before Santa Fe ceased payment. The further allegations with regard to Santa Fe's termination of its affiliation with the hospital, and the failure to improve the facilities, do not impact the contractual agreement between Santa Fe and the appellant. The written agreement contains no provision in this regard, and does not obligate Santa Fe to maintain any relationship with the hospital. Although the appellant contends that this was orally discussed, the written agreement has an integration clause specifying that it "cancels and supersedes all previous agreements," that "there are no other agreements," and that any change must be approved in writing. The written agreement is unambiguous and, especially in light of the integration clause, may not be expanded by oral statements. See S.P.G. Gem Corp., v. Wolofsky, 488 So.2d 835 (Fla. 4th DCA 1986). The record does not suggest that Santa Fe breached any continuing obligation imposed by the express written agreement, and the court properly entered a summary judgment on this count.
The appellant's claim of fraud requires a knowing false statement of material fact which was intended to and did induce the appellant's detrimental reliance. See Johnson v. Davis, 480 So.2d 625 (Fla. 1985). In his deposition the appellant maintained that several of the appellees made statements during negotiations for the contractual agreement with Santa Fe. Asserting that he was given assurances as to the available number of surgical patients, and Santa Fe's commitment to modernize and continue its affiliation with the hospital, *1236 the appellant indicated that he relied on these statements in accepting Santa Fe's offer.
A fraudulent misrepresentation is ordinarily actionable only as to statements of past or existing facts, and a promise of future conduct generally will not serve as a predicate for a claim of fraud. See Sleight v. Sun and Surf Realty, Inc., 410 So.2d 998 (Fla. 3d DCA 1982). While the appellant's claim is partly foundationed on promises as to future acts, he has also asserted misrepresentations relating to Santa Fe's plans and intentions at the time of the parties' negotiations. A promise as to future conduct may serve as a predicate for a claim of fraud if it is made without any intention of performing, or with the positive intention not to perform. See Perry v. Cosgrove, 464 So.2d 664 (Fla. 2d DCA 1985); Hamlen v. Fairchild Industries, Inc., 413 So.2d 800 (Fla. 1st DCA 1982). The appellant's assertions, as substantiated by the depositions and other documents, raise an issue as to whether future conduct was promised with such wrongful intent. Although some of the appellees have denied making such misrepresentations, this is an issue of fact which precludes a summary judgment.
It is well established that a summary judgment is appropriate only if there is no genuine issue as to any material fact. See e.g., Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581, 586 (Fla. 1st DCA 1985); Fla.R.Civ.P. 1.510(c). All doubts and inferences must be resolved against the entry of a summary judgment, and it has been suggested that if there is even the "slightest doubt" in this regard a summary judgment is inappropriate. See Furlong v. First Nat. Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA), cert. denied 341 So.2d 291 (Fla. 1976). Further, because fraud is "a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong," it will often not be a proper matter for summary judgment. See Hermes v. Anton, 300 So.2d 46 (Fla. 3d DCA 1974). In the present case there is sufficient doubt and dispute regarding the material facts so as to preclude a summary judgment in favor of the appellees on appellant's claim of fraud.
The appealed orders are reversed as to the summary judgment on the appellant's claim that he was fraudulently induced to enter into the contractual agreement with Santa Fe. The orders are otherwise affirmed, and the cause is remanded.
WIGGINTON and WOLF, JJ., concur.