PETERSON, Judge.
Jeanette Jefferis appeals a final judgment entered in an action brought by Steven A. May to set aside, pursuant to rule 1.540, Florida Rules of Civil Procedure, a final judgment of adoption.
Prior to their divorce, Steven and Jeanette adopted Brittany, who is also Jeanette’s maternal granddaughter. The final judgment of adoption was entered on February 2,1989. The final judgment of dissolution, dated March 1, 1990, required Steven to pay $50 per week as child support. Steven did not attend the final hearing on the dissolution but apparently did receive a copy of the final judgment. After the Department of Health and Rehabilitative Services initiated an action against him for collection of child support, Steven initiated this action, on November 9, 1990, to set aside the judgment of adoption. The final judgment in the instant matter modified the previous judgment of adoption by deleting Steven as the named adoptive father. The court noted that it had “determined as a matter of fact that there was fraud, intrinsic or extrinsic, in the procurement of the final judgment of adoption and therefore said final judgment should be set aside as to the plaintiff.” We reverse.
The gravamen of Steven’s complaint to set aside the judgment of adoption was that Jeanette had promised him that, if he proceeded with the adoption, he would never have to support Brittany financially. He alleged that he proceeded with the adoption in reliance upon her representations. He also alleged that the parties executed a marital dissolution settlement agreement about one year after the adoption that included a provision which stated: “The parties have reached no agreement on child support. It is the parties’ intent that the Court set an appropriate child support amount at the Final Hearing.” Steven stated that he understood this to mean that he would not have to pay child support, especially in view of Jeanette’s alleged repeated oral assurances that he would not have to contribute financially to Brittany’s support.
The issue is whether there was evidence of a fraud upon the court in the procurement of the judgment of adoption and, if so, whether the fraud is sufficient to set it aside. Fla.R.Civ.P. 1.540. In DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), the supreme court explained the difference between intrinsic and extrinsic fraud and the legal consequences of each and stated, “Only extrinsic fraud may constitute fraud on the court.” DeClaire, at 377. The court noted that previously it had defined extrinsic fraud as:
[Pjrevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat_ Fair v. Tampa Electric Co., 158 Fla. 15, 18, 27 So.2d 514, 515 (1946).
DeClaire, at 377.
In the instant case, Steven alleged in his complaint that Jeanette committed fraud when she promised that he would never have to support Brittany financially, and, based upon that representation, he continued as copetitioner in the adoption proceeding. We need not decide whether this alleged fraud was a fraud upon the court, extrinsic fraud or intrinsic fraud, since we find that no fraud was committed at all. The complaint did not allege that Jeanette’s promise was made with a knowing intention not to act according to the promise. Additionally, Steven failed to show at trial that Jeanette had never intended to act on her promise or that she knew at the time of the alleged promise that, once the adoption judgment was final, Steven would have a paternal obligation to support Brittany no matter what he and Jeanette had agreed upon prior to the adoption.
In First Interstate Development Corporation v. Ablanedo, 476 So.2d 692 (Fla. 5th DCA 1985), quashed on other grounds, 511 So.2d 536 (Fla.1987), this court noted that, to support an action for fraud based upon a promise to do or not to do some *86 thing in the future, it must be established that the person who so promised either had no intention to perform it or had the positive intention not to perform it. See also Sleight v. Sun and Surf Realty, Inc., 410 So.2d 998, 998 (Fla. 3d DCA 1982) (“A false statement amounting to a promise to do something in the future is not actionable fraud.”). In Gentile v. Rodriguez, 583 So.2d 382 (Fla. 3d DCA 1991), the Third District held that the complaint failed to state a cause of action where the complaint failed to state that the representation made was made without any intention of performing the promise. In Palmer v. Santa Fe Healthcare Systems, Inc., 582 So.2d 1234 (Fla. 1st DCA 1991), review denied, 593 So.2d 1052 (Fla.1991), the court, citing Sleight, held that a promise of future conduct generally will not serve as a predicate for a claim for fraud but may serve as such if it is made without any intention of performing or with the positive intention not to perform. See also 27 Fla.Jur.2d Fraud and Deceit §§ 24, 25 (1981).
In the instant case, there is neither an allegation nor evidence of Jeanette’s intent not to perform her promise at the time it was made. We disagree with the trial court’s conclusion of law that Steven carried his burden of showing that Jeanette fraudulently induced him to adopt Brittany, and we reverse the judgment removing Steven as the adoptive father. Since we are reversing on other grounds, we decline the invitation to address the issue, raised for the first time on appeal, whether the trial court should have appointed a guardian ad litem for Brittany.
It appears that, in view of the judgment rendered on count one, the trial court considered moot the issues raised in count two of the amended complaint. We remand for disposition of the remaining count.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.