702 So.2d 273 (1997)
William F. SEIFFERT, Appellant,
v.
Ruth Ann M. SEIFFERT, Appellee.
No. 96-1960.
District Court of Appeal of Florida, First District.
December 8, 1997.
*274 Rhonda S. Clyatt of Clyatt & Blow, Panama City, for Appellant.
Robert B. Staats of Staats & White, Panama City, for Appellee.
VAN NORTWICK, Judge.
William F. Seiffert appeals a final judgment of dissolution which terminated the second marriage between the appellant and appellee, Ruth Ann Seiffert. Appellant argues that the trial court erred in setting aside the marital settlement agreement signed by the parties and incorporated into their 1984 final judgment of dissolution. Because no competent and substantial evidence in the record supports a finding of overreaching by the appellant in connection with the 1984 settlement agreement and because the appellee failed to challenge the prior dissolution agreement pursuant to rule 1.540(b), Florida Rules of Civil Procedure, we conclude that the trial court erred in setting aside the 1984 settlement agreement. Accordingly, we reverse and remand for proceedings consistent with this opinion.
The parties were married on October 14, 1961. They divorced May 25, 1984. After the divorce, they continued to live together and were remarried on December 14, 1985. In January 1993, appellee filed a petition for dissolution. In November 1994, she caused the petition to be dismissed. Between these two events, the parties' oldest child and the appellant's mother died. In December 1994, the appellee again petitioned for dissolution. The appellant answered and counter-pled for dissolution.
The appellee testified at the final hearing below that in the 1984 divorce the appellant's attorney drafted the settlement agreement and, although she had sought the advice of various attorneys, appellee did not have a separate attorney review it on her behalf. The 1984 settlement agreement was signed and incorporated into the 1984 final judgment. When asked at the 1994 final hearing if she had had an opportunity to read the 1984 settlement agreement before signing it, the former wife testified, "I did, but I did not elect to do it because it was too lengthy and I was going by what my husband had told me I was going to get.... I did have the opportunity. I just did not take it."
In her opening statement at the final hearing below, for the first time the former wife challenged the validity of the 1984 settlement agreement as a product of overreaching by the former husband. The former husband objected to the former wife's overreaching argument, asserting that this defense had not been raised in the pleadings and that he would suffer prejudice from the lack of notice if the former wife was allowed to raise this defense at the hearing. The trial court permitted the former wife to raise the claim of overreaching in the formation of the 1984 settlement agreement. The record on appeal does not reflect that the former wife filed an amended answer to conform with the proof at trial. Following the hearing, the trial court held that the 1984 settlement agreement was obtained through overreaching by the former husband and that it should not bind the parties in the instant dissolution proceeding.
In its final judgment, the trial court ruled that "[t]he agreement executed by the parties in 1984 amounted to over-reaching on the part of the Husband, and should not be binding on the parties." As a result, in effecting an equitable redistribution, the trial court redistributed assets which had been distributed pursuant to the 1984 settlement agreement. Further the trial court denied the former husband's request for special equities regarding insurance proceeds paid to him, finding that these proceeds had been commingled with marital assets.
On appeal, the former husband argues that the trial court erred in setting aside the parties' 1984 settlement agreement which distributed the marital estate from the parties' first dissolution. In the hearing below, as evidence of overreaching, the former wife cited to alleged inequity in the distribution *275 of property and to the fact that the agreement was drawn up by her former husband and was not examined by her own counsel. These facts do not constitute evidence sufficient to support the trial court's finding of overreaching. The Florida Supreme Court has explained that, in the context of post-nuptial agreements, "[i]f an agreement that is unreasonable is freely entered into, it is enforceable" and that "a complaining spouse need not have legal counsel for a valid agreement." Casto v. Casto, 508 So.2d 330, 334 (Fla.1987). Even assuming arguendo that the distribution of property in the 1984 settlement agreement was unreasonable, the former wife's testimony that, despite the fact that she had the opportunity, she elected not to read the agreement because it was too lengthy would support a finding that the former wife freely, even if foolishly, contracted, and not a finding of overreaching.
We also agree with the former husband that the agreement should not have been set aside under the principles of res judicata. Rule 1.540(b), Florida Rules of Civil Procedure, is the only method by which a party can set aside a previous final judgment. See DeClaire v. Yohanan, 453 So.2d 375, 378 (Fla.1984)(where a party seeks to set aside a final judgment on the basis of "mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic or extrinsic fraud, misrepresentation, or other misconduct of an adverse party, such motion must be made within a reasonable time and in no event more than one year from the entry of the judgment."). Thus, if the former wife wished to set aside the 1984 settlement agreement, she was required to have raised her overreaching argument either in the 1984 dissolution hearing by motion or within a year of the 1984 judgment by filing a new complaint, making service of process on her former husband, and following the same procedures required in any civil action. Id.
The former wife argues that, under Thomas v. Thomas, 571 So.2d 499 (Fla. 1st DCA 1990), the 1984 agreement was either void or at least voidable because the parties continued to live with each other and commingled finances after the divorce. This argument is without merit. In Cox v. Cox, 659 So.2d 1051 (Fla.1995), which effectively overruled Thomas, the Florida Supreme Court held that executed provisions of a final judgment are undisturbed by the remarriage or reconciliation of the parties. In the case at bar, the former wife has sought to effect a redistribution of assets which in 1984 had been transferred from the status of marital property to the status of non-marital property. Because distribution of marital property ordered by the 1984 judgment had been completed by the time the second dissolution proceeding commenced, it was error for the trial court to redistribute assets which had been distributed under the 1984 judgment and which had not subsequently been commingled.
The former husband also argues that the trial court erred in treating the Scudder/AARP account as marital property. The record reflects that this account was initially opened with a $10,000 deposit from the former husband's individual Sun Bank account, which was itself initially funded from the former husband's inheritance from the estate of the parties' son. The trial court, however, found that the source of the $10,000 opening deposit was an account jointly-held by the parties. On remand, the trial court shall revisit its findings as to which of the parties' assets are properly designated as marital. See § 61.075(5)(b)2, Fla. Stat. (Supp.1996); Williams v. Williams, 619 So.2d 972 (Fla. 3d DCA 1993) (piano inherited by former husband was not a marital asset subject to distribution).
Finally, the former husband argues that the trial court erred in determining the date on which to determine the marital estate. As indicated, the former wife filed a petition for dissolution on January 8, 1993, and she dismissed this petition on November 30, 1994. The instant case was initiated on December 16, 1994, when the former wife filed another petition for dissolution. The trial court used December 16, 1994 as the date to determine marital assets and liabilities. We find no abuse of the trial court's discretion in determining the date on which to measure the marital estate. § 61.075(6), *276 Fla. Stat. (1995); Leon v. Leon, 652 So.2d 1164 (Fla. 4th DCA 1995).
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WOLF, J., concurs.
JOANOS, J., specially concurs in result only.