760 So.2d 1092 (2000)
Jo Ann WOLVERTON, Appellant,
v.
Morton E. WOLVERTON, Appellee.
No. 2D99-4758.
District Court of Appeal of Florida, Second District.
June 23, 2000.
David Siegal of Siegal Law Offices, LLC, Albany, New York and Gary I. Gassel of Law Offices of Gary I. Gassel, P.A., Sarasota, for Appellant.
Michele S. Stephan of Graves & Stephan, Chartered, Sarasota, for Appellee.
CASANUEVA, Judge.
Jo Ann Wolverton appeals an equitable distribution order entered post-dissolution by a successor judge, contending that the successor judge erred in modifying the final judgment entered by his predecessor. We agree and reverse.
Following a two day trial, the initial judge dissolved the marriage and entered oral orders concerning equitable distribution. The judge granted Ms. Wolverton an option to purchase the marital home within 30 days, and further ordered an equal division of assets and liabilities. As requested by the judge, the attorneys then submitted a proposed final judgment to which both parties agreed. After the judgment was entered, neither party appealed.
Unfortunately, the parties quickly reached an impasse about how to implement the equal distribution and filed post-judgment motions to enforce the final judgment or to determine the distribution of assets. Because the judicial assignments had changed, a successor judge ruled upon the postjudgment motions and entered an order redistributing the marital assets and liabilities. Ms. Wolverton now challenges the successor judge's redistribution order, asserting that it improperly modifies the final judgment's equitable distribution plan. Despite the successor judge's valiant effort to effect his predecessor's distribution plan, we are compelled to agree with her contention.
The effect of the successor judge's order was to set aside or to modify the original final judgment. Absent a timely appeal, Florida Rule of Civil Procedure 1.540 is the only procedural vehicle to set aside a final judgment, but no motion sufficiently invoked the rule. See Seiffert v. Seiffert, 702 So.2d 273 (Fla. 1st DCA 1997). Therefore, because the successor judge's order unacceptably altered the original final judgment, we reverse.
With the benefit of the perfect vision afforded hindsight, and with respect to the initial trial judge, we observe that these problems arose because the initial final judgment failed to implement completely the distribution scheme. Although it may be appropriate to grant skilled marital lawyers the latitude to make adjustments to a proposed equitable distribution plan, we suggest that a trial judge is better *1093 advised not to enter a final judgment without including sufficient orders to accomplish the goals of the distribution.
On remand, the original final judgment shall be reinstated without prejudice to either party's right to move to compel its enforcement.
NORTHCUTT, A.C.J., and SALCINES, J., Concur.