**ARGONAUT DEVELOPMENT GROUP, INC., a Florida corporation, Plaintiff,**

v.

**SWH FUNDING CORP., a New Jersey corporation, Defendant.**

**No. 99–10090–CIV.**

United States District Court, S.D. Florida, Key West Division.

July 12, 2001.

William Freidlander, Esq., Key West, for Plaintiff.

Joseph Altschul, Esq., Altschul, Landy & Collier, PA, Weston, FL, Cory Mitchell Gray, Esq., Solomon and Weinberg LLP, Hackensack, NJ, for Defendant.

## ORDER GRANTING FINAL SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment filed April 10, 2001. Plaintiff filed a Response on April 30, 2001. Defendant filed a Reply on May 22, 2001. The Court heard arguments on Defendant's Motion for Summary Judgment and responses thereto on April 30, 2001.

### I. Background

Plaintiff brought forth this action for damages resulting from an allegedly failed joint venture with Defendant for the acquisition and development of the Salt Ponds property located in Key West, Florida (the "Property"). Plaintiff alleges that ongoing discussions and negotiations with Defendant led to a July 16, 1998 letter (the "Venture Letter") from Defendant by which the parties were purportedly to a joint venture to build on the Property condominiums, hotels, and time-share facilities (the "Project"). Plaintiff acknowledges that the Venture Letter contained conditions precedent[1] which Plaintiff was required to satisfy. The conditions precedent required Plaintiff to: (1) settle the lawsuit commenced by the Department of Community Affairs ("DCA"); (2) provide valid binders for the sale of at least 107 residential units; (3) provide a land acquisition contract by which Plaintiff had the right to acquire the underdeveloped land for $12 million; (4) allow the closing of the land sale contract to occur in 90 to 180 days maximum after the DCA settlement; (5) provide a guaranteed maximum price construction contract for the residential component of the development; (6) establish that Plaintiff had an absolute right to develop the land. Plaintiff alleges that it complied with each condition precedent to the creation and operation of the joint venture and took all actions required of it to close on the acquisition for the Project. (*See* Venture Letter, Aff. of Herrick, Ex. G.) However, Plaintiff alleges that Defendant failed to provide the $12 million funding for the Property and Project as required by the Venture Letter.

Plaintiff filed a Complaint[2] against Defendant for (1) breach of a joint venture contract; (2) breach of an implied joint venture agreement; (3) breach of fiduciary duty; (4) fraud; (5) promissory estoppel; and (6) unjust enrichment. Defendant seeks summary judgment on all counts. It argues that no joint venture agreement was ever entered into between the parties, but even if one was entered into, Plaintiff failed to satisfy numerous conditions precedent to the formation of a joint venture. In addition, Defendant argues that (1) it did not owe a fiduciary duty to Plaintiff, (2) Plaintiff has not cited any untrue representations to support its claim of fraud, and (3) the claims for implied contract, estoppel and unjust enrichment are unsupportable by law and fact.

### II. Standard of Review

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v.*

---

1. Although these conditions precedent do not necessarily correspond to the numbering of the conditions precedent within the Venture Letter, they are the six conditions precedent being challenged by the parties.

2. Three counts against Defendant have already been voluntarily dismissed by Plaintiff as noted in the Revised Pretrial Stipulation filed April 26, 2001.

*Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exits. *See Hairston v. Gainesville Sun Publ'g Co.,* 9 F.3d 913, 918 (11th Cir.1993). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the nonmoving party, then the Court should refuse to grant summary judgment. *See id.* at 919. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505.

## III. Analysis

### A. *Breach of Contract*

Defendant contends that the Venture Letter does not create a binding joint venture contract between the parties but is only a proposal letter to Plaintiff for the formation of a joint venture. Even if the Court finds that a joint venture existed, Defendant argues that Plaintiff failed to satisfy the conditions precedent contained in the Venture Letter.

■ As a preliminary matter, the Court finds that a contract under the terms of the Venture Letter did exist between the parties. Determining whether or not a joint venture was specifically intended by the Venture Letter is unnecessary to this analysis. It is clear that a contractual relationship between the parties emerged. The fundamental tenets of a valid express contract—offer, acceptance, and consideration—exists in the instant case. Defendant made an offer via the Venture Letter to Plaintiff to contract for the purchase and development of the Property. Plaintiff accepted the offer and signed the Venture Letter accordingly. Plaintiff later invested significant time and money in making preparations to acquire the Property and initiate the Project. There are no material issues of fact that preclude this conclusion.

The Court also finds that Plaintiff failed to meet the prerequisites set forth in the Venture Letter to establish a binding duty on Defendant to satisfy its obligations under the contract. The Venture Letter set forth six conditions that Plaintiff had to satisfy:

### 1. *Settlement of the DCA lawsuit*

There appears to be no dispute that Plaintiff satisfactorily satisfied this prerequisite of the Venture Letter. Defendant admits that Plaintiff settled with the DCA on August 18, 1990. (*See* Mot. Sum. J. at 10.)

### 2. *Valid binders*

There appears to be no dispute the Plaintiff satisfactorily satisfied this prerequisite of the Venture Letter. The Depositions of Robert A. Butler, Paul Waldron and Sanford Herrick indicated that Plaintiff provided valid binders for the sale of 107 residential units as well as copies of the reservation deposits. (*See* Aff. of Butler at 9.)

### 3. *Contract for purchase of property*

■ Defendant contends that the land sale contract offered by Plaintiff was unsatisfactory. It points to a number of alleged .deficiencies in the land sale con-

tract that made it unacceptable. However, the Venture Letter does not require that the land purchase contract receive approval from Defendant. Instead, the Venture Letter merely states that Plaintiff must provide a contract to purchase the Property for $12 million which Plaintiff did. (*See* Aff. of Herrick, Ex. G.) The fact that Plaintiff admits that it focused more on providing a contract to satisfy conditions precedent in the Venture Letter does not make the land purchase contract unsatisfactory. If Defendant wanted to retain the right to approve any contract for the purchase of the Property it should have included such a condition in its Venture Letter. It cannot now attempt to do so.

### 4. Closing of land sale contract

■ Defendant contends that Plaintiff violated the conditions of the Venture Letter by entering into a land sale contract which required Plaintiff to purchase the Property within ten days of the settlement agreement with DCA. Defendant argues that the Venture Letter required closing to occur no sooner than 90 days after settlement with the DCA. However, the specific language of the condition precedent in the Venture Letter merely states that the contract for the purchase of land *may* require closing in 90–180 days maximum after DCA approval of the settlement. (*See* Aff. of Herrick, Ex. G). The Venture Letter does not state that closing *must* be done after 90 days. Had Defendant intended for the provision to read as such, it should have explicitly written it that way. Defendant cannot now re-craft the clear meaning of its own provision that merely recommends and not demand that the closing be done after 90 days but before 180 days of the DCA approval of the settlement.

### 5. Guaranteed maximum price contract for development

■ Defendant also asserts that Plaintiff did not provide a guaranteed maximum price contract valid for the development of the entire residential property as required by the Venture Letter. Defendant acknowledges that Plaintiff did provide a contract that appeared to satisfy this condition precedent. However, Defendants assert that there were numerous defects in the construction contract. Still, the condition precedent does not state that the construction contract must be approved by Defendant. The Venture Letter only states that Plaintiff must provide Defendant with such a contract. Plaintiff did just that and, therefore, satisfied this condition precedent.

### 6. Absolute right to develop the Property

■ Defendant argues that Plaintiff did not provide proof as required by the Venture Letter that it had an "absolute right to develop the Property." (*See* Aff. of Herrick, Ex. G.) Paul Waldron, one the Plaintiff's principals, admitted that such proof requires evidence that valid building permits were in place. (*See* Dep. of Waldron at 59.) Plaintiff asserts that it satisfied this condition precedent by offering a building permit issued by the City of Key West on November 17, 1997 that would not expire until September 26, 1999. (*See* Pl.'s Resp., Ex. G.) However, the building permit expired on its face six months before the date of the Venture Letter. The building permit explicitly states that it is "void unless construction substantially commenced within 90 days of issue." *Id.* No construction had commenced within this period of time. Thus, the building permit Plaintiff offered to Defendant was void on its face. Plaintiff argues that despite this explicit language on the permit, the permit was still valid. Plaintiff states that it is prepared to provide at trial testimony of a city building official who will testify that despite the express language on the building permit, the building permit is subject to cancellation only if the developer fails to

commence construction by the expiration date. For numerous reasons, the Court must reject Plaintiff's argument. The building permit is unambiguous on its face. Statements made by a city official that purport to refute the explicit provision of the building permit are not only dubious in validity but also inadmissible under the parole evidence rule. Plaintiff has failed to establish that the building permit is valid or that a material issue of fact over the validity of the permit exists. Plaintiff's attempt to resuscitate the clearly void building permit by suggesting that Plaintiff may be able to produce at the trial of this case an unnamed building official who will attempt to offer clearly inadmissible parole evidence to the effect that the unambiguous language on the face of the building permit declaring it void doesn't mean what it clearly states, falls far short of the proof Plaintiff must establish to defeat granting summary judgment to Defendant. Thus, Plaintiff failed to establish and confirm that it had an absolute right to develop the Property thereby relieving Defendant of any obligation under the terms of the alleged joint venture.

Consequently, this Court finds that a contractual relationship did exist between the parties pursuant to the terms and conditions of the Venture Letter. The Plaintiff, however, did not comply with its obligation to satisfy all of the conditions precedent to establish a binding obligation for Defendant. Whether or the contractual relationship created a joint venture between the parties is irrelevant to this analysis. Defendant's contractual duty under the Venture Letter were eviscerated in light of Plaintiff's failure to satisfy the conditions precedent.

### B. Breach of Fiduciary Duty

■■ Defendant asserts that it owed no fiduciary duty to Plaintiff. Under Florida law, a fiduciary relationship is established where confidence is reposed as a result of the position of superiority and influence held by the fiduciary. See Casielles v. Taylor Rolls Royce Inc., 645 F.2d 498 (5th Cir.1981). Plaintiff argues that a fiduciary relationship is a broad concept that can arise in many situations. It asserts that there are material issues of fact that preclude this Court from granting summary judgment on its claim. However, there is no case law which suggests that a fiduciary duty arises between armslength parties to a proposed contract. Furthermore, there has been no evidence to suggest that the elements of a breach of fiduciary duty as required by Florida law, namely, a repose of trust and confidence and an express acceptance of that repose of trust and confidence by Defendant, existed in the relationship of the parties in this case. See McIntosh v. Harbour Club Villas Condominium Association, 468 So.2d 1075, 1078 (Fla.3rd DCA 1985). Thus, Plaintiff's claim for breach of fiduciary duty fails as a matter of law and fact.

### C. Fraud and Fraud in the Inducement

■ Defendant argues that Plaintiff's claims for fraud and fraud in the inducement are dismissible as a matter of law. Under Florida law, no cause of action for fraud exists concurrent with a breach of contract claim unless there is damage due to fraud that is separate from damages resulting from any subsequent contractual breach. See La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla.5th DCA 1998). The Florida Supreme Court has held that misrepresentations which relate to the breaching parties' performance of the contract do not give rise to an independent cause of action in tort. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1996). Thus, where a contract exists, a tort action will lie only for intentional or negligent acts that are independent from acts that breach the contract. See Moransais v. Heathman, 744 So.2d 973 (Fla.

1999). Plaintiff has failed to demonstrate that it sustained any damage from the alleged fraud which were in any way separate or distinguishable from the breach of contract allegations. Thus, the Court rejects Plaintiff's claim for fraud.

 In addition, the Court also rejects Plaintiff's claim for fraud in the inducement. A promise made by a party as to its future conduct may serve as a predicate for a fraudulent inducement claim only if the promise is made without any intention of performing it. *See Palmer v. Santa Fe Healthcare Systems, Inc.*, 582 So.2d 1234 (Fla.1st DCA 1991). Plaintiff has failed to provide any evidence of Defendants's alleged intent. Plaintiff's assertion that it will attempt to provide evidence at trial that shows this alleged intention is insufficient to preclude summary judgment. The record indicates that there is no evidence to support Plaintiff's fraud in the inducement claim.

### D. *Promissory Estoppel*

 Defendant asserts that Plaintiff's promissory estoppel claim is without merit. To establish a cause of action under promissory estoppel, Plaintiff must show by clear and convincing evidence that (a) a promise was made by Defendant which Defendant reasonably expected Plaintiff to act upon, (b) that Plaintiff in fact acted upon it, and (c) that injustice can only be avoided by enforcing such a promise. *See* Restatement (Second) of Contracts, § 90 (1979). Plaintiff asserts that Defendant made a promise to purchase the Property and fund the Project with a $12 million infusion and that he relied on this promise. However, it is clear from the Venture Letter that the only promise made by Defendant was to go forward with the joint venture if the conditions precedent were met by Plaintiff. Plaintiff should not have reasonably expected to be induced by Defendant's actions since, as previously discussed, it had not satisfied the conditions precedent. Furthermore, assuming *arguendo* that a promise was made by Defendant to Plaintiff, Defendant was indefinite as to the terms and time of the promise. The Florida Supreme Court has rejected the application of promissory estoppel in such cases. *See Hygema v. Markley*, 137 Fla. 1, 187 So. 373 (1939). Furthermore, no injustice exists by this Court's refusal to enforce Defendant's alleged promise. Thus, Plaintiff's claim for promissory estoppel is unsupported by law and facts.

### E. *Unjust Enrichment*

██ Defendant argues that Plaintiff's Complaint alleging that Defendant was unjustly enriched by the sum of $20,000 is without merit by the explicit language of the Venture Letter. The Venture Letter required Plaintiff to pay Defendant this amount as a Good Faith Deposit to be applied to closing costs. (*See* Aff. of Herrick, Ex. G.) The Venture Letter specifically states that "if the transaction cannot close because [Plaintiff] does not satisfy the conditions ... the Good Faith Deposit will be deemed as earned." *Id.* Thus, Plaintiff was placed on notice that this money would not be returned if it failed to satisfy the conditions precedent to the Venture Letter.

### IV. Conclusion

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED in favor of the Defendant on all counts.