HAWKES, J.
In this appeal from a non-final order granting relief from judgment, Husband argues the trial court erred in setting aside the judgment, because there was no finding of fraud. We reverse and remand.
Here, the parties initially agreed to a proposed consent final judgment that provided for rotating custody, no child support or alimony, and found the parties had divided their liabilities and assets. The original trial judge refused to enter this proposed consent final judgment. This judge subsequently entered a second proposed consent final judgment that provided Husband with primary physical residence (PPR) of the parties’ three minor children, required Wife to pay $652.00 per month[1] in child support, provided neither party would pay alimony, and indicated the parties’ assets and liabilities had been divided. This judgment was entered on September 15, 2003.
On December 8, 2003, Wife filed a motion for relief from judgment, alleging that the terms set forth in the September 15, 2003, judgment were not the terms actually agreed to by the parties. A hearing was held on this motion before a different judge. Ultimately, the second judge, in granting relief to Wife, made several factual findings. These included: (1) The original judge refused to enter the parties’ first proposed consent final judgment because it provided for rotating custody and failed to provide for child support; (2) At the time of his refusal, the original judge encouraged the parties to enter into a “side deal”; (3) This “side deal” could contain the same terms as the parties’ first proposed consent final judgment (rotating custody, no child support); (4) However, the original judge required the parties’ formal, written judgment to designate one parent with PPR; and (5) The parties “continued the rotating custody arrangement until an argument ensued in October or November of 2003.”[2] After making these findings, the second judge held that, because the original judge encouraged the parties to enter the side deal, she was unable to “impute unclean hands to the parties for engaging in such a deal.”
*1103 Under the facts of this record, a party may only set aside a final judgment pursuant to Rule 1.540(b)(3), Florida Rules of Civil Procedure. See Seiffert v. Seiffert, 702 So.2d 273 (Fla. 1st DCA 1997); Wolverton v. Wolverton, 760 So.2d 1092, 1092 (Fla. 2d DCA 2000). This subsection provides for relief from judgment for fraud, misrepresentation or other misconduct by an adverse party.
The findings in this record are insufficient to establish fraud. To establish fraud, there must be competent, substantial evidence from which the trial court could determine one of the parties entered the “side deal” without any intention of performing or with the positive intention not to perform. See Palmer v. Santa Fe Healthcare Systems, Inc., 582 So.2d 1234 (Fla. 1st DCA 1991), rev. den. 593 So.2d 1052 (Fla.1991); Jefferis v. May, 603 So.2d 84 (Fla. 5th DCA 1992); Gentile v. Rodriguez, 583 So.2d 382 (Fla. 3d DCA 1991). If both parties intended to abide by the terms of the “side deal” at the time it was entered, and later, one party decided to renege on those terms, that would not constitute fraud.
Because it is unclear from the trial court’s order whether one of the parties entered the “side deal” without any intention of performing its terms, we REVERSE and REMAND. On remand, the trial court may take additional evidence to determine if a party is entitled to any relief, or make more specific findings supporting any relief that may be ordered.
REVERSED and REMANDED for proceedings consistent with this opinion.
WOLF, C.J., and WEBSTER, J., concur.

. In the order on appeal, the trial court indicated $652.00 was almost one-half of Wife’s income. However, the record indicates this is consistent with child support guidelines. The trial court also mentioned the agreement required Wife's waiver of alimony, and part of Husband's retirement. However, these issues do not appear to be contested by the parties.

. The record is silent as to whether Wife paid any child support during this time.