479 So.2d 822 (1985)
Pauline J. NOBLES, Appellant,
v.
CITIZENS MORTGAGE CORPORATION, a Florida Corporation, Appellee.
No. 85-809.
District Court of Appeal of Florida, Second District.
December 11, 1985.
Roger C. Benson of The Law Firm of Roger C. Benson, P.A., St. Petersburg, for appellant.
Paul Friedman of Stuzin and Camner, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
Plaintiff appeals from a summary judgment granted in favor of defendant as to count II of plaintiff's complaint against defendant for damages. Count II was for fraudulently inducing plaintiff to enter into an employment contract. Count I, which was dismissed and is not before us on appeal, was for breach of that contract. We reverse.
The basis for the trial court's ruling appears to have been that a so-called merger clause in the contract, under which oral representations were to be merged into and subsumed by the written contract, prevented the introduction of parol evidence as to the alleged fraudulent misrepresentations by defendant to plaintiff. However, oral agreements or representations may be introduced into evidence to prove that a contract was procured by fraud notwithstanding such a merger clause. Cas-Kay Enterprises, Inc. v. Snapper Creek Trading Center, Inc., 453 So.2d 1147 (Fla. 3d DCA 1984). See also Pena v. Tampa Federal Savings & Loan Association, 363 So.2d 815 (Fla. 2d DCA 1978).
Accordingly, at this stage of the litigation it cannot be concluded that there was no genuine issue of material fact and that defendant was entitled to a judgment as a matter of law.
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.