PER CURIAM.
This is a consolidated appeal taken by the co-signers of a promissory note and mortgage, Jerome and Miriam Nagelbush [hereinafter the “Nagelbushes”] and John and Margaret Capozzi [hereinafter the “Capoz-zis”], from an adverse final summary judgment entered in favor of the holder of the subject note and mortgage, United Postal Savings Association [hereinafter “United Postal”]. We reverse the summary judgment under review and remand for further proceedings based on the following briefly stated legal analysis.
The record, in our view, raises genuine issues of material fact concerning certain affirmative defenses pled by the Nagelbushes and Capozzis centering around an alleged oral understanding between United Postal and the Capozzis, which was allegedly kept secret from the Nagelbushes, that United Postal would look solely to the Nagelbushes for payment on the subject promissory note. This understanding, allegedly reached prior to the making of the promissory note, is said to have (a) fraudulently induced the Capoz-zis to sign the subject promissory note by assuring them that they would not be looked to for payment, and (b) fraudulently induced the Nagelbushes to sign the subject promissory note, as they allegedly would not have done so had they been aware that they, and they alone, were responsible on the said note. There is some evidence in the record which supports these defenses; moreover, we cannot agree that these defenses are not legally recognizable under the parol evidence rule, as, plainly, parol evidence is admissible to establish that a party has been fraudulently induced to enter into a contract. Hartsfield v. Williams, 145 Fla. 709, 200 So. 220 (1941); Tinker v. DeMaria Porsche Audi, Inc., 459 So.2d 487 (Fla. 3d DCA 1984), pet. for review denied, 471 So.2d 43 (Fla.1985); Cas-Kay Enters. v. Snapper Creek Trading Center, Inc., 453 So.2d 1147 (Fla. 3d DCA 1984). This being so, the final summary judgment under review cannot stand, see Nobles v. Citizens Mortgage Corp., 479 So.2d 822 (Fla. 2d DCA 1985); Johnson & Kirby, Inc. v. Citizens Nat’l Bank of Fort Lauderdale, 338 So.2d 905 (Fla. 3d DCA 1976); Pompano Paint Co. v. Pompano Beach Bank & Trust Co., 208 So.2d 152 (Fla. 4th DCA 1968), and is hereby reversed and remanded to the trial court for further proceedings.
Reversed and remanded.