504 So.2d 510 (1987)
Robert ORTIZ and Wife, Sandra Ortiz, Appellants,
v.
ORCHID SPRINGS DEVELOPMENT CORPORATION, a Florida Corporation, and Bay Tree Management Company, a Florida Corporation, Appellees.
No. 86-1608.
District Court of Appeal of Florida, Second District.
March 25, 1987.
Stephen F. Baker, Winter Haven, for appellants.
William S. Dufoe, Michael L. Rosen and N. Louise Ellingsworth of Holland & Knight, Lakeland, for appellees.
PER CURIAM.
Plaintiffs appeal from the dismissal of both counts of their complaint against defendants for damages and other relief. The dismissal was of plaintiffs' amended complaint with leave to amend. Plaintiffs chose to stand on the allegations of the amended complaint.
As to Count I, we conclude under the principles of notice pleading that that count can be taken as having alleged fraudulent misrepresentation by Orchid Springs Development Corporation.
There was in the contract a so-called merger, or integration, clause which provided that no agreements were binding upon the parties unless incorporated in the contract. However, "oral agreements or representations may be introduced into evidence to prove that a contract was procured by fraud notwithstanding such a merger clause." Nobles v. Citizens Mortgage Corp., 479 So.2d 822 (Fla. 2d DCA 1985); Cas-Kay Enterprises, Inc. v. Snapper Creek Trading Center, Inc., 453 So.2d 1147 (Fla. 3d DCA 1984).
As to Count II which concerns alleged misrepresentations by defendant Bay Tree Management Company, we conclude that fraudulent misrepresentation was not alleged. There is no allegation of any misrepresentation known by that defendant to have been false. Accordingly, the foregoing merger clause controls, and the dismissal of Count II is affirmed.
The order of dismissal is reversed in part, affirmed in part and the cause is remanded for further proceedings.
SCHEB, A.C.J., and RYDER and LEHAN, JJ., concur.