534 So.2d 773 (1988)
Harry GROSSMAN, Appellant,
v.
BANCO INDUSTRIAL de VENEZUELA, C.A., Miami Agency, Appellee.
No. 88-571.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied December 20, 1988.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellant.
Richey & Munroe and Jonathan Goodman and Juan J. Rodriguez, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCWARTZ, Chief Judge.
We affirm the judgment below upon the holding that, as a matter of law, the maker of a note is precluded by the parol evidence rule from successfully contending that he *774 may be relieved of his unconditional promise to pay by a directly contrary oral representation of the payee that he need not. Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1954); E.J. Sparks Enters., Inc. v. Christman, 95 Fla. 928, 117 So. 388 (1928); Forbes v. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 So. 821 (1922); Bodne v. Banco Industrial de Venezuela, C.A., 523 So.2d 1280 (Fla. 3d DCA 1988); Can-Am Invs., Inc. v. Banco Industrial de Venezuela, C.A., 521 So.2d 184 (Fla. 3d DCA 1988); Linear Corp. v. Standard Hardware Co., 423 So.2d 966 (Fla. 1st DCA 1982); see General Motors Acceptance Corp. v. Marlar, 761 F.2d 1517 (11th Cir.1985), vacated per stipulation, 774 F.2d 1042 (11th Cir.1985); Chase Manhattan Bank v. Rood, 698 F.2d 435 (11th Cir.1983). But cf. Nagelbush v. United Postal Sav. Ass'n, 504 So.2d 782 (Fla.3d DCA 1987) (fraudulent promise to co-makers that other co-makers will pay joint obligation may be relied upon). Compare Payne v. Nicholson, 100 Fla. 1459, 131 So. 324 (1930) (collateral fraudulent promise may be relied upon).
AFFIRMED.