[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12089
_____

D.C. Docket No. 6:09-cv-2158-ORL-GAP-KRS

ADRIANNE ROGGENBUCK TRUST, et al.,

Plaintiffs-Appellants,

versus

DEVELOPMENT RESOURCES GROUP, LLC, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 30, 2013)

Before DUBINA, Chief Judge, JORDAN and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

The plaintiffs appeal the district court's dismissal of, and/or grant of

summary judgment on, their claims alleging common law fraud; violation of

_____
[*] Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), FLA. STAT. § 501.201 et seq.; conspiracy to commit fraud; fraudulent inducement; and negligent misrepresentation. After review, and with the benefit of oral argument, we conclude that the plaintiffs failed to raise the issues below in their responses to the defendants' motions. As a result, the plaintiffs' arguments are forfeited and the district court's rulings on all claims except the FDUPTA claim are affirmed. We reverse the district court's grant of summary judgment on the plaintiffs' FDUPTA claim due to plain error.

## I

The plaintiffs alleged the following facts in their second amended complaint.

Legacy Dunes is a residential development in Kissimmee, Florida consisting of 488 apartment units. Development Resources Group, LLC ("DRG") formed Legacy Dunes Condominium, LLC ("LDC") to purchase Legacy Dunes and convert it from rental apartments into condominiums. Michael Halpin managed DRG, whose corporate officers were James Wear and Timothy Tinsley. DRG used a Florida real estate brokerage firm, Real Estate Dreams, LLC ("RED"), to assist in the sale of the Legacy Dunes condominium units. DRG, LDC, and Messrs. Halpin, Wear, and Tinsley comprise the named defendants in this case.

The defendants marketed the Legacy Dunes units in the Chicago area through Joe Aldeguer's radio program, "Making Money in Real Estate with Mr.

2

Aldeguer." Mr. Aldeguer invited listeners to attend investment seminars in the Chicago area, and at the defendants' behest, he and other individuals proposed that seminar attendees purchase Legacy Dunes condominiums as hassle-free investments, which would be rented on a short-term basis.

While marketing the condominiums, the defendants claimed that buyers would initially earn income from existing long-term tenants. The plaintiffs were further led to believe by the defendants that these long-term leases would soon expire and that the properties would be fully renovated (at no cost to the new owners) and converted into short-term rentals. The defendants assured the plaintiffs that the proper zoning to complete the conversion was either in place or being applied for. The plaintiffs were also under the impression that the management company would take care of everything needed to lease the properties at the outset and in the future. Finally, the plaintiffs were informed by the defendants that high rental occupancy figures, rental rates, and rates of return could be expected as a result of the conversion to short-term rental units.

The plaintiffs signed sales contracts and purchased Legacy Dunes condominium units at prices that were thirty to fifty percent above the actual fair market value. In particular, the sales contracts contained the following disclaimer:

> ORAL REPRESENTATIONS CANNOT BE RELIED UPON AS CORRECTLY STATING THE REPRESENTATIONS OF DEVELOPER. FOR CORRECT REPRESENTATIONS, REFERENCE SHOULD BE MADE TO THIS CONTRACT AND

3

THE DOCUMENTS REQUIRED BY SECTION 718.503, FLORIDA STATUTES TO BE FURNISHED BY DEVELOPER TO A PURCHASER OR LESSEE.

The contracts also contained the following merger clause:

> ENTIRE AGREEMENT. This Agreement contains the entire agreement between the parties hereto. No agent, representative, salesman or officer of the parties hereto has authority to make, or has made, any statements, agreements, or representations, either oral or in writing, in connection herewith, modifying, adding to, or changing the terms and conditions hereof and neither party has relied upon any representations or warranty not set forth in this agreement.

As it turned out, the defendants never applied for or obtained the necessary zoning changes for the conversion. And, when the long-term leases expired, DRG failed to make good on its promise to renovate the properties, which were in substandard condition and unfit for immediate occupancy. As a result, the plaintiffs were unable to lease or rent their properties either on a short-term or long-term basis and ultimately lost their investments. The plaintiffs eventually brought suit against the defendants in Florida state court, and the case was subsequently removed to federal court based on the diversity of the parties.

## II

The plaintiffs' amended complaint included ten claims: common law fraud (Count I); violation of FDUTPA (Count II); conspiracy to commit fraud (Count III); fraudulent inducement (Count IV); constructive trust (Count V); violations of Florida's securities laws (Counts VI-VIII); negligent misrepresentation (Count IX);

4

and breach of contract (Count X). The defendants filed a motion to dismiss all the claims or, in the alternative, for summary judgment on certain claims. In that motion, the defendants argued that the plaintiffs' fraudulent inducement claim should be dismissed because the disclaimer and merger clauses in the sales contract made reliance on any oral representations unreasonable under Florida law. *See* D.E. 33. The plaintiffs never addressed this argument in their response. *See* D.E. 37. As a result, the district court considered the issue undisputed and dismissed the fraudulent inducement claim (Count IV) with prejudice on the ground asserted by the defendants. *See Adrianne Roggenbuck Trust v. Development Resources Group, LLC* ("*Roggenbuck I*"), 2010 WL 3824215, *3 (M.D. Fla. Sept. 27, 2010) ("The Plaintiffs do not dispute this contention."). The district court also granted summary judgment on the Florida securities law claims and dismissed all the other claims without prejudice. *See id*. at *2-*4.

The plaintiffs then filed a second amended complaint, reasserting the prior fraud, FDUTPA, and negligent misrepresentation claims (Counts I, II, III, IV, and IX).[1] The defendants filed a new motion to dismiss, or in the alternative, for summary judgment, and argued that they were entitled to summary judgment on the fraud, FDUTPA, and negligent misrepresentation claims because it is

---

[1] The plaintiffs voluntarily withdrew the fraudulent inducement claim in their second amended complaint because that claim had previously been dismissed with prejudice and, therefore, did not need to be reasserted in order to be preserved for appeal.

unreasonable as a matter of law to rely upon prior oral representations when there is a written contract with disclaimer and merger clauses. *See* D.E. 50 at 8-12. Once again, the plaintiffs did not address this argument in their response. *See* D.E. 52. The district court granted summary judgment on the common law fraud, FDUTPA, conspiracy to commit fraud, and negligent misrepresentation claims. *See Adrianne Roggenbuck Trust v. Development Resources Group, LLC* ("*Roggenbuck II*"), 2011 WL 1376321, *2-*3 (M.D. Fla. April 12, 2011). The district court ruled that justifiable or reasonable reliance is an element for each of those claims, and that it was unreasonable as a matter of law for the plaintiffs to rely on any oral statements when the sales contract included general disclaimer and merger clauses. *See id*. The plaintiffs now appeal and argue that the sales contracts do not bar their claims.

### III

In their initial brief, the plaintiffs candidly acknowledge that their arguments are being raised for the first time on appeal. *See* Appellants' Initial Br. at 18. We generally refuse to consider such arguments. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012). In limited circumstances, however, we may depart from this rule of practice if the issue "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (internal citation omitted). We have also previously resolved issues not presented to or

6

addressed by the district court "where the proper resolution is beyond any doubt." *Id*. We conclude that these exceptions are not applicable here for any claim except the plaintiffs' FDUPTA claim, and that we should not address the plaintiffs' newly-raised arguments.

First, the plaintiffs were aware that the issues now being raised on appeal were crucial to the disposition of their claims, and they had two opportunities to advance their arguments before the district court. In both of their dispositive motions, the defendants explicitly argued that the disclaimer and merger clauses in the sales contracts barred the plaintiffs' claims as a matter of Florida law. The plaintiffs could have responded to those motions with the arguments now raised on appeal. For whatever reason, they elected not to do so, and led the district court to believe that the legal effect of the disclaimer and merger clauses was undisputed. As a result, we find that it would not result in a miscarriage of justice if the plaintiffs are denied a third opportunity to make these arguments. *Cf. Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001) ("[The plaintiffs] cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions."); *Blue Cross & Blue Shield of Alabama v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990) ("Presenting such

7

arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court . . .").

Second, we do not believe that the issues on appeal, except as they concern the plaintiffs' FDUPTA claim, have a clear resolution because the relevant Florida law is largely unsettled and, therefore, the district could not have plainly erred in granting summary judgment on those claims. There is no decision from the Florida Supreme Court that addresses whether disclaimer and/or merger clauses like the ones here bar the fraud and negligent misrepresentation claims asserted by the plaintiffs. Instead, there are decisions from a number of Florida's appellate courts that take what appear to be different approaches as to the effect of disclaimer and merger clauses on fraud[2] and negligent misrepresentation[3] claims. Thus, even if we were to entertain the plaintiffs' arguments for the first time on appeal, we would then be required to resolve issues of Florida law on which there is an evident split of authority. For example, if we were to apply the reasoning of the First, Second, and Third Districts in cases like *Noack v. Blue Cross and Blue Shield of Florida,*

---

[2] *Compare Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) ("A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a letter written contract."), *with Mejia v. Jurich*, 781 So. 2d 1175, 1178 (Fla. 3rd DCA 2001) ("The existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement.")

[3] *Compare Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650-53 (Fla. 3rd DCA 2006) (reasonable reliance remained a disputed issue of fact despite contract's disclaimer), *with Hillcrest*, 727 So. 2d at 1057 (disclaimer prevented justifiable reliance as a matter of law).

*Inc.*, 742 So.2d 433, 434 (Fla. 1st DCA 1999), *Ortiz v. Orchid Springs Dev. Corp.*, 504 So.2d 510 (Fla. 2d DCA 1987), and *Mejia* 781 So. 2d at 1178, the plaintiffs' fraud claims could arguably proceed because the general merger and disclaimer clauses would not necessarily bar those claims. On the other hand, if we were to apply the reasoning of the Fourth District in cases like *Hillcrest* and *Mac-Gray Services, Inc. v. DeGeorge*, 913 So.2d 630, 634 (Fla. 4th DCA 2005)*,* the defendants would likely be entitled to dismissal and/or summary judgment. We elect not to speculate on the correct approach especially when the district court was not given an opportunity to address these matters.[4]

As for the FDUPTA claim, a different resolution is merited because the case law is not similarly unsettled. In this case, the district court relied on *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819 (Fla. 4th DCA 2010) for the proposition that justifiable reliance is a necessary element of an FDUTPA claim and granted summary judgment because the disclaimer and merger clauses barred justifiable reliance. *See Roggenbuck II*, 2011 WL 1376321, at *2, n.2. That ruling constitutes plain error because we had previously held that "a plaintiff need not prove [actual] reliance on the allegedly false statement to recover damages under FDUPTA, but rather a plaintiff must simply prove that an objective reasonable person would have been deceived." *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir.

---

[4] We also decline, given the procedural posture of the case, to certify any questions to the Florida Supreme Court.

2011). Importantly, *Fitzpatrick* is a published decision that was issued approximately three weeks prior to the district court's order in this case and therefore it controls. *See World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 957 (11th Cir. 2009) (citation omitted) ("Our prior panel precedent rule still applies even when we are dealing with state law issues."). Thus, summary judgment should not have been granted on the FDUPTA claim, and we believe that it would result in a miscarriage of justice if that outcome were to be affirmed.

## IV

We choose not to consider the arguments raised by the plaintiffs for the first time on appeal for any claim except the FDUPTA claim and deem them forfeited. The district court, therefore, did not err in dismissing the fraudulent inducement claim (Claim IV) and granting summary judgment on the fraud (Count I), conspiracy to commit fraud (Count II) and negligent misrepresentation (Count IX) claims. The district court, however, plainly erred in requiring justifiable reliance for the FDUTPA claim (Count III) and granting summary judgment. We reverse on that claim and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**